### AMERICAN LEGION, FIELD ALLEN POST # 148

v.

### The TOWN OF WINDHAM.

Supreme Judicial Court of Maine.

Argued Nov. 20, 1985.

Decided Dec. 17, 1985.

---

Frederick D. Williams (orally), North Windham, for plaintiff.

Charles A. Lane (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

WATHEN, Justice.

The plaintiff, American Legion, Field Allen Post # 148, appeals from a Superior Court (Cumberland County) order affirming a decision of the Windham Zoning Board of Appeals ("the Board") that denied plaintiff's application for a conditional use permit to construct a legion hall. The principal contention on appeal is that the Board erred in finding that plaintiff's showing as to the project's impact upon traffic conditions failed to satisfy the town's zoning ordinance. We find no error and deny the appeal.

Plaintiff filed an application for a conditional use permit and hearings were held before the Board in June of 1984. Plaintiff proposed to construct a building 30′ x 60′ on a lot located on the Sandbar Road in Windham. The record clearly reflects that Sandbar Road is not a public highway but does not reveal the precise form of private ownership. The road is narrow and grav-
eled and serves a substantial number of residences on Little Sebago Lake. Although the proposed building site and surrounding land are zoned for a commercial use, the entire area is exclusively residential. Plaintiff intended to use the building as a clubhouse for its members and to create 48 parking spaces on the premises. After hearing, the Board denied the application because plaintiff had failed to demonstrate that no traffic hazard would result from the proposal. Plaintiff now appeals from the Superior Court's affirmance of the Board's decision.

Section 501(2) of the Windham Zoning Ordinance requires an applicant for a conditional use permit to demonstrate "[t]hat the conditional use sought will not create nor aggravate a traffic hazard, a fire hazard or a panic hazard, nor in any way endanger the public health, safety or convenience." As an initial matter plaintiff argues that the phrase "traffic hazard" is so vague as to render the ordinance invalid. The mere failure to define a phrase in an ordinance does not by itself, render that ordinance defective. The Board's consideration of whether the proposed use would create traffic conditions causing danger, risk or peril belies the asserted vagueness of the term "traffic hazard" and constitutes an appropriate application of that term's common and generally accepted meaning.

The issue before this Court is whether the Board's denial of the permit request is supported by substantial evidence on the record as a whole. *Bruk v. Town of Georgetown*, 436 A.2d 894, 898 (Me.1981). The Board conducted an evidentiary hearing and inspected the site. At the hearing the road was described as "narrow, winding, gravel, dead-end and often in poor condition." Testimony suggested that the road had not been improved in more than thirty years and that, especially in winter, passage along the road is difficult. The Board heard evidence that on three occasions the road's poor condition caused

school bus service to be discontinued and that on another occasion cars parked along the narrow road prevented access by fire equipment. The evidence also included a description of several recent vehicular accidents occurring in the vicinity of the Sandbar Road and its intersection with the public highway. The only favorable evidence presented by plaintiff was the testimony of a local official of the American Legion who stated that the chief of police had "no problem with this facility or the traffic that it will create." Noting that the road was substandard, and finding that the proposed use would result in a substantial increase in vehicular traffic, the Board concluded that plaintiff had failed to make the showing required by the ordinance. We readily conclude that the record contains "such relevant evidence as a reasonable mind might accept as adequate to support ... [that] conclusion." *In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me.1973).

The remaining issues on appeal are lacking in merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.