STATE of Maine

v.

Dennis PHILLIPO.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 26, 1995.

Decided Feb. 9, 1995.

Michael Cantara, Dist. Atty., Alfred, for the State.

Dennis Phillipo, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

■ Dennis Phillipo appeals from the denial by the Superior Court (York County, *Cole, J.*) of his motion for presentence detention credits pursuant to 17–A M.R.S.A. § 1253(2) (Supp.1994). Although Phillipo's motion was not the appropriate method to challenge a prosecutor's statement of deduction, we have reviewed the record and find no error. Accordingly, the decision of the Superior Court is affirmed.

The controversy arises from the filing of multiple charges against Phillipo under four separate docket numbers. While Phillipo was on probation pursuant to an habitual offender charge (CR–92–1684), he was indicted for aggravated assault (CR–93–54) and for another violation of his habitual offender status and operating under the influence (CR–93–541). After he was released on bail on these new charges, a probation revocation motion based on trafficking in marijuana resulted in his being detained without bail. In July 1993 following a jury-waived trial (*Brodrick, J.*), Phillipo was convicted of simple assault (CR–93–54) and sentenced to 364 days in jail. Later the same day, Phillipo admitted the probation violation in CR–92–1684, and entered guilty pleas in CR–93–541 and pleaded guilty to an information charging him with trafficking in marijuana in CR–93–1045. Phillipo was committed for the 11 months remaining on the probation violation, 6 months for trafficking, 7 days for operating under the influence, and 18 months for the habitual offender violation. The latter four sentences were concurrent with one another, but consecutive to the sentence of 364 days for assault. The prosecuting attorney filed a statement that Phillipo was entitled to a deduction of 70 days from the probation revocation commitment pursuant to 17–A M.R.S.A. § 1206(8) (Supp.1994), as well as statements that Phillipo was entitled to no deduction pursuant to 17–A M.R.S.A. § 1253(2) from the consecutive sentences for assault (CR–93–54) and for the habitual offender violation (CR–93–541).

■ In June 1994 Phillipo filed a motion for presentence detention credit of 70 days in CR–92–1684, CR–93–54, CR–93–541, and CR–93–1045. In some instances, such a motion or a letter from a defendant will result in an informal correction of a mistake. When no informal correction is made, the court should dismiss the motion without a hearing as beyond the scope of M.R.Crim.P. 35. Formal proceedings to challenge the computation of presentence detention credits must be initiated by a post-conviction action pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1994). In the present case, the court held a hearing and denied Phillipo's motion on the merits. On Phillipo's direct appeal, *pro se*, we elect to review the matter on the merits in the interest of judicial economy.

■ Phillipo had served his sentences for assault (CR–93–54) and for operating under the influence (CR–93–541) before the hearing on his motion. Phillipo has completed service of his sentence for trafficking (CR–93–1045) and the 11 months on the probation violation (CR–92–1684) while his appeal was pending. Accordingly, only the 18–month habitual offender sentence (CR–93–541) requires our attention. The record on that indictment reflects that at Phillipo's arraignment, bail furnished in the District Court remained in effect. Although no bail bond is in the Superior Court file, Phillipo in his motion admits he was at large until he was arrested and held without bail on the probation violation (CR–92–1684). Phillipo did not surrender the bail furnished on the habitual offender charge (CR–93–541). Therefore he is not entitled to presentence detention credit against that sentence, even though he was detained on the probation violation charge prior to sentencing on the habitual offender charge.

■ Finally, Phillipo claims that as part of the plea bargain entered into on July 30, 1993, the prosecuting attorney agreed to the deduction that he now claims. At the hearing in July 1994 the State denied that there had been such an agreement. Moreover, the transcript of the relevant plea and sentencing proceeding contains a statement by the prosecuting attorney on the plea agreement, including the following:

> No representations on how the good time [sic] will fall on these charges. He will get the credit as assigned to each charge as he

is entitled to but no representations as to trying to match good time [sic] credits up.

On inquiry by the court, Phillipo and his two attorneys all acknowledged that statement to be consistent with their understanding of the plea bargain. We conclude that Phillipo is not entitled to additional credit.

The entry is:

Decision affirmed.

All concurring.