Robert W. BRITTON et al.

v.

TOWN OF YORK.

Supreme Judicial Court of Maine.

Argued March 7, 1996.

Decided March 29, 1996.

Anne H. Jordan (orally), Ralph W. Austin, Jensen Baird Gardner & Henry, Biddeford, for Plaintiffs.

Charles A. Lane (orally), Portland, for Town of York.

John R. Bass, II (orally), Mark G. Furey, Thompson, McNaboe, Ashley & Bull, Portland, for Donnell.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Robert W. Britton and Eleanor F. Britton appeal from the judgment entered in the Superior Court (York County, *Fritzsche, J.*) affirming the decision of the York Zoning Board of Appeals upholding a ruling of the York Planning Board that denied the Brittons' application for a permit to construct a pier and docking structure on the York River. The Brittons contend that the York Zoning Ordinance is unconstitutionally vague, that the Zoning Board of Appeals erred in its interpretation of the York Zoning Ordinance and that the factual findings of the Board were not supported by substantial evidence. We find no error in the Board's denial of the Brittons' application and affirm the judgment.

The Brittons own land fronting on the York River in York. Their front lawn is protected by a retaining wall that abuts the tidal flats. The flats are bounded on the north by a wharf on piles and to the south by a stone-filled pier. The wharf and the pier are owned by Daniel and Georgiana Donnell [1] and are used primarily for public docking of commercial and pleasure boats.

In 1994 the Brittons applied for a building permit to construct a private dock and float. Plans submitted with the application called for the construction of a 179.5 foot dock system that would require the Donnells to remove a twenty-foot section from a float attached to their northerly wharf. The Planning Board, finding that the Brittons' proposed dock did not meet six of the York zoning ordinance's criteria, denied the Brittons' application for a permit. The Brittons appealed to the Zoning Board of Appeals, which reversed the Planning Board's determination with respect to three of the zoning criteria. The Board of Appeals, however, agreed with the Planning Board's three determinations that the proposed dock "interfered with developed areas" in violation of York Zoning Ordinance section 8.3.6.1,[2] that

---

1. Pursuant to M.R.Civ.P. 24 the Superior Court granted the Donnells intervenor status in the Brittons' action.

2. The pertinent portion of section 8.3.6 provides:
 **Piers, Docks, Wharves, Breakwaters, Causeways, Marinas, Bridges, and uses extending over or beyond the Normal High Water Mark of a waterbody.**
 8.3.6.1 The location of all structures and facilities subject to this paragraph shall not interfere with developed areas, recreation areas, or natural beach or dune areas.

in the proposed area for the dock the high water mark was greater than fifty feet from the low water channel in violation of ordinance section 8.3.6.7(c),[3] and that the proposed dock would interfere with existing navigational uses in violation of ordinance section 18.2.3.2(j).[4]

The Brittons timely appealed to the Superior Court from the Zoning Board of Appeals' denial of their appeal. They sought direct review of the Town's denial of their permit and included in their complaint an independent claim challenging the Town's zoning ordinance on due process grounds. After a hearing, the court entered a judgment in favor of the town and the intervenors, and this appeal followed.

## I.

 We reject the Britton's argument that the York Zoning Ordinance's failure to define "developed area" and "interference" in section 8.3.6.1, its similar failure to define "interfere" and "navigational uses" in section 18.2.3.2(j), and its failure to fix the location from which the fifty-foot distance in section 8.3.6.7(c) is measured render the ordinance unconstitutionally vague.

 We presume the constitutional validity of a zoning ordinance, and the party attacking the ordinance has the burden of demonstrating its unconstitutionality. *Gorham v. Town of Cape Elizabeth,* 625 A.2d 898, 900 (Me.1993). An ordinance is unconstitutionally vague only when it sets guidelines which would force persons of general intelligence to guess at its meaning, leaving them without assurances that their behavior complies with legal requirements and forcing

courts to be uncertain in their interpretation of the law. *Bushey v. Town of China,* 645 A.2d 615, 618 (Me.1994) (quoting *Maine Milk Producers, Inc. v. Comm'r of Agric., Food and Rural Resources,* 483 A.2d 1213, 1220 (Me.1984)). *See also Gorham v. Town of Cape Elizabeth,* 625 A.2d at 900 (stating that for ordinance to avoid challenge as unconstitutionally vague it must be sufficiently specific to guide both an applicant in presenting his case and the Board in examining the proposed use).

 Failure to define a term in a zoning ordinance, however, does not render an ordinance unconstitutionally vague. *See Bushey v. Town of China,* 645 A.2d at 617 (ordinance that failed to define "commercial use" not unconstitutionally vague); *Town of Pownal v. Emerson,* 639 A.2d 619, 621 (Me.1994) (ordinance that failed to define "unserviceable" not unconstitutionally vague); *American Legion, Field Allen Post #148 v. Town of Windham,* 502 A.2d 484, 485 (Me.1985) (ordinance that failed to define "traffic hazard" not unconstitutionally vague). In the absence of a definition of a term in an ordinance, the term will be given its common and generally accepted meaning unless the context dictates otherwise. *Town of Freeport v. Brickyard Cove Assocs.,* 594 A.2d 556, 558 (Me.1991). When an ordinance is challenged as unconstitutionally vague, therefore, our inquiry turns not on whether the ordinance could have provided more specific guidance to applicants by defining every term in the ordinance but on whether the ordinance contains sufficient qualitative standards to guide the applicant and limit the Board's discretion. *See Secure Environments, Inc. v. Town of Norridgewock,* 544 A.2d 319, 323 (Me.1988);

---

York, Me., Zoning Ordinance § 8.3.6.1 (Mar. 18, 1992).

**3.** Section 8.3.6.7(c) provides in pertinent part:
Wharves, piers, and docks will be permitted on the York River only in areas where the low water channel is 50 feet or less from the high water mark.
York, Me. Zoning Ordinance § 8.3.6.7(c) (Mar. 18, 1992).

**4.** Section 18.2.3.2 of the York Zoning Ordinance provides in pertinent part:
The Planning Board shall approve or deny those applications on which it is empowered to act. The Planning Board may, after the sub-

mission of a complete application including all information requested, make a determination to grant or deny a permit after a review of the information presented to it that the proposed use does or does not comply with the provisions of the Shoreland Overlay District, specifically, the Land Use Standards contained in Section 8.3, and the following standards:
. . . .
j. Will not interfere with existing navigational uses;
York, Me., Zoning Ordinance § 18.2.3.2(j) (Mar. 18, 1992).

*Gorham,* 625 A.2d at 900. In the present case, assigning to the terms "interference," "interfere," "developed areas," and "navigational use" their plain and common meaning provides the York Zoning Ordinances "sufficient guidelines to withstand constitutional muster." *Secure Environments, Inc. v. Town of Norridgewock,* 544 A.2d at 323. Thus, understood, these terms are sufficiently definite to appropriately guide the applicants in presenting their case and the Board in rendering its decision.

### II.

■ The Brittons contend that the Board's determination that the proposed dock would interfere with developed areas in violation of the York Zoning Ordinance is not supported by substantial evidence. We disagree.

Because the court, acting as an intermediate appellate court, based its decision entirely on the record developed before the board, we review that record to determine whether the Board made findings not supported by substantial evidence. *Senders v. Town of Columbia Falls,* 647 A.2d 93, 94 (Me.1994). The party seeking to overturn the Board's decision has the burden of showing that the evidence compels a contrary conclusion. *Boivin v. Town of Sanford,* 588 A.2d 1197, 1199 (Me.1991) (citation omitted).

In reaching its determination that construction of the Britton dock would interfere with developed areas, the Board reviewed photographic evidence demonstrating that the riverfront in the area of the proposed Britton dock is already heavily developed with docks, piers, and floats. The Board also heard evidence that construction of the Britton dock would require the Donnells to remove a twenty-foot section of their float, resulting in the loss of wharfage space for at least ten present users of the Donnells' piers, and would reduce access to the remaining portion of the Donnells' float. This evidence of disturbance and obstruction to the Donnells' marina constitutes substantial evidence that construction of the Britton dock would "interfere" with a "developed area."

Because it was the Britton's obligation to demonstrate that their proposed use satisfied each of the zoning ordinance's requirements, and because we have determined that adequate evidence supported the Board's conclusion that the construction of the Britton dock would violate one of those requirements, it is unnecessary to consider the remaining determinations of the Board challenged by the Brittons. *Bruk v. Town of Georgetown,* 436 A.2d 894, 899 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.