1998 ME 221

**David HANSON**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1998.

Decided Oct. 1, 1998.

Kenneth D. Keating (orally), Springvale, for petitioner.

Andrew Ketterer, Attorney General, Joseph A. Wannamacher, Asst. Atty. Gen. (orally), Augusta, for State.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

WATHEN, Chief Justice.

[¶ 1] Petitioner David Hanson appeals from a judgment of the Superior Court (York County, *Brodrick, J.*) denying his petition for post-conviction review. Petitioner argues that the reinstatement of criminal sentences, after he was discharged from those sentences, violates his due process rights. Finding no fundamental unfairness, we affirm the judgment.

[¶ 2] The facts as developed at the hearing on post-conviction review may be summarized as follows: In 1987, petitioner entered guilty pleas to aggravated assault (17–A M.R.S.A. § 208 (1983)), two counts of reckless conduct with a firearm (17–A M.R.S.A. § 211 (1983)), and one count of falsifying physical evidence (17–A M.R.S.A. § 455 (1983)). The charges were set forth in three separate indictments. The count of aggravated assault and one count of reckless conduct were set forth in the first indictment. The second charge of reckless conduct was set forth in the second indictment, and the charge of falsifying physical evidence was set forth in a third indictment.

[¶ 3] With respect to the first indictment, the court sentenced petitioner to ten years for aggravated assault and five years for reckless conduct. The court imposed a sentence of five years, with all but two and a half years suspended for the second charge of reckless conduct, and 364 days for falsifying physical evidence. All sentences except the last were to be served consecutively.

[¶ 4] After petitioner commenced serving his ten year sentence for aggravated assault, the District Attorney filed a presentence detention certificate mistakenly stating that petitioner had spent 523 days in custody pending final disposition of that charge and the reckless conduct charge in the first indictment. In accordance with the District Attorney's certificate, the Maine State Prison credited petitioner with 523 days. With credit for good time, he was discharged from that sentence on August 25, 1992.

[¶ 5] Petitioner then commenced serving the consecutive sentence imposed for reckless conduct in the same indictment. The prison once again credited him with 523 days of time served, and he was discharged from that sentence on October 9, 1994. Petitioner then commenced serving the consecutive sentence imposed for reckless conduct in the second indictment, and he is currently serving that sentence. Throughout his imprisonment, petitioner has received standard monthly reports that show an advancing release date. He applied for and was accepted into programs reserved for prisoners entering their final six months of incarceration and has made plans for his release.

[¶ 6] In 1995, after the first two sentences had been discharged, the Attorney General's Office, responding to a victim's concerns regarding petitioner's release date, discovered errors in the District Attorney's presentence detention certificate. The State then filed a corrected certificate stating that petitioner was entitled to only 311 days of credit with respect to the first indictment because he had been released on bail for 212 of the 523 days. Beyond that, the State certified that pursuant to 17–A M.R.S.A. § 1253(2) (1983 & Supp.1997),[1] petitioner was entitled to credit on only one of the charges, not both. The prison subsequently reinstated 212 days on the first sentence served and 523 days on the second sentence served, thereby extending petitioner's final release date.

[¶ 7] Petitioner petitioned for post-conviction review alleging that his due process rights had been violated by the recalculation of his sentences. The Superior Court denied petitioner's petition and this appeal followed.

[¶ 8] Petitioner does not disagree that he was detained for only 311 days prior to disposition and that the original certificate was in error. In *State v. Brooks*, 589 A.2d 444 (Me.1991), we held that a defendant is "not entitled to presentence credit on a subsequent charge if this would result in an award of presentence detention credit greater than the total number of days actually spent in jail." *Id.* at 448. We explained that 17–A M.R.S.A. § 1253(2) dictates that a criminal defendant cannot be credited with presentence detention on multiple sentences that are to run consecutively. *See id.* Although the facts in *Brooks* involved a subsequent charge, the same principle applies to consecutive sentences arising from contemporaneous charges set forth in the same indictment. Therefore, granting petitioner 311 days ' of presentence credit on both the aggravated assault and the reckless conduct sentences violated the statute by crediting him with more than a day-for-day allowance for the time he served prior to sentencing.

[¶ 9] Petitioner contends, however, that the reinstatement of portions of his sentences after discharge violates his due process rights. In *Austin v. State*, 663 A.2d 62 (Me. 1995), we noted that "[a]lthough the State generally is not prohibited from reinstating a criminal sentence that has been reduced unlawfully, there are temporal limits imposed by due process and notions of fundamental fairness on corrective actions." *Id.* at 63. In the most extreme circumstances, the reinstatement of a discharged sentence could be fundamentally unfair and thus violative of due process. *See id.* at 64.

[¶ 10] In *Austin*, we referred to the factors found relevant in *DeWitt v. Ventetoulo*, 6 F.3d 32 (1st Cir.1993), in determining whether due process was violated when a suspended sentence was reinstated. *See Austin*, 663 A.2d at 64. On the facts presented in *DeWitt*, the court identified as relevant the lapse of time between the error and the revision of the sentence, the defendant's contribution to the mistake, the reasonableness of the defendant's intervening expectations, the prejudice resulting from the revision of

---

1. The statute reads in relevant part:
   Each person sentenced to imprisonment who has previously been detained for the conduct for which the sentence is imposed in any state facility or county institution ... awaiting trial, during trial, post-trial awaiting sentence or post-sentencing prior to the date on which the sentence commenced to run either to await transportation to the place of imprisonment specified, or pursuant to court order, and not in execution of any other sentence of confinement, is entitled to receive a day-for-day deduction from the total term of imprisonment required under that sentence.
   17–A M.R.S.A. § 1253(2) (1983 & Supp.1997).

the sentence, and the diligence exercised by the State in correcting the mistake. *See DeWitt,* 6 F.3d at 35. An additional consideration is whether the defendant remains in execution of the sentence being corrected. *See id.; Austin,* 663 A.2d at 65.

[¶ 11] We are not persuaded that the Superior Court erred in ruling that petitioner's due process rights were not violated by the correction of his sentences for aggravated assault and reckless conduct. Although there was significant delay in correcting the presentence detention certificate, the prejudicial impact of that delay is tempered by the fact that petitioner was never released from incarceration. In *DeWitt,* the defendant had been released for nine months and had reestablished family and social ties when the State attempted to correct its mistake. *See DeWitt,* 6 F.3d at 35.

[¶ 12] Although petitioner did not contribute to the State's miscalculation, his expectation of release and the administrative treatment of his sentences were based upon incorrect and unlawful credits. The correction of these sentences prejudiced him only in that his expectation concerning a final release date had to be adjusted and his participation in prerelease programs was delayed. The detriment to a defendant must involve " 'prejudice and harm beyond frustrated expectations' to be constitutionally redressable." *Littlefield v. Caton,* 856 F.2d 344, 348 (1st Cir.1988) (citing *Lerner v. Gill,* 751 F.2d 450, 459 (1st Cir.1985)). Despite the obvious importance of a settled release date, the detriment to petitioner must be more extreme in order to foreclose the State from correctly applying the law.

[¶ 13] Although there is no evidence that the State has undertaken a comprehensive review of presentence detention credits since we clarified the law in *Brooks,* the State's compelling interest in correctly imposing imprisonment outweighs Hanson's interest in a final release date. The Superior Court did not err in concluding that this is not an extreme case in which the reinstatement of the sentences was fundamentally unfair.

The entry is:

Judgment affirmed.

