2002 ME 113

**STATE of Maine**

v.

**Kenneth CRAWFORD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 18, 2002.
Decided: July 22, 2002.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Jeffrey M. Silverstein, Esq., Billings & Silverstein, Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Kenneth Crawford appeals from the order of the Superior Court (Penobscot County, *Mills, C.J.*) denying Crawford's motion to enforce credit for time served. Crawford contends that he is entitled to credit for time served between the date he was arrested and the date of sentencing. Because we conclude that the Superior Court lacked jurisdiction to entertain the complaint, we vacate the judgment and remand for the entry of a dismissal.

## I. BACKGROUND

[¶ 2] On June 5, 2000, Crawford was indicted for arson, 17–A M.R.S.A. § 802(1)(B)(1) (1983 & Supp.2001). He was arraigned and released on bail. On July 12, Crawford was arrested and later indicted on charges of assault, aggravated assault, and violating a bail condition. His bail on the arson charge was revoked after a hearing on July 14. On the assault charge, Crawford was held on bail.

[¶ 3] A jury found Crawford guilty of arson on September 21, and the court continued the matter for sentencing. On March 7, 2001, a bench trial was held and Crawford was found guilty of assault and of violating a condition of release. Crawford was immediately sentenced to eleven months at the Penobscot County Jail on the assault charge and to a concurrent six-month sentence for violating a condition of release. Crawford received credit for 238 days of presentence detention.

[¶ 4] Crawford was later sentenced on the arson conviction to eight years and six months at the Department of Corrections with all but sixteen months suspended, and to six years of probation. The sentence was to be served consecutively to the sentences for assault and violation of a condition of release. Crawford subsequently filed a motion to enforce credit for time served, seeking duplicate credit for the time he spent in prison between July 12, 2000, and March 7, 2001, on the arson charge or, in the alternative, seeking to have the choice of applying the credit to the later imposed sentence. The Superior Court denied the motion and Crawford filed a notice of appeal pursuant to 15 M.R.S.A. § 2115 (Supp.2001) and M.R.App. P. 2.

## II. DISCUSSION

[¶ 5] Both parties agree that the proper procedure for challenging a presentence detention credit is through a post-conviction action pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.2001). *See State v. Phillipo*, 654 A.2d 432, 433 (Me.1995); *State v. Brooks*, 589 A.2d 444, 446–47 (Me. 1991). Nonetheless, Crawford filed a motion for enforcement of credit for time served rather than initiating a post-convic-

tion proceeding, arguing that a post-conviction proceeding would have been impractical because he would have been forced to hurriedly evaluate all potential grounds for challenging the conviction,[1] waive any challenge to the underlying judgment, or wait to challenge the presentence detention credit until he was ready to challenge the criminal judgment.

[¶ 6] In the interest of judicial economy, we previously have addressed the merits of motions challenging the calculation of presentence detention credit even though the proper procedures were not followed. *Phillipo*, 654 A.2d at 433 (defendant was pro se); *Brooks*, 589 A.2d at 447–48 (indicating that "the record would not likely be enhanced by a post-conviction hearing"). In *Phillipo*, however, we emphasized that courts should not entertain a motion for presentence detention credit unless it is presented as part of a post-conviction proceeding. Unless an informal correction can be made, "the court should dismiss the motion without a hearing as beyond the scope of M.R.Crim. P. 35. Formal proceedings to challenge the computation of presentence detention credits *must* be initiated by a post-conviction action pursuant to 15 M.R.S.A. §§ 2121–2132." *Phillipo*, 654 A.2d at 433 (emphasis added). Indeed, the purpose of the statute authorizing post-conviction review is to provide "a comprehensive and, except for direct appeals from a criminal judgment, the exclusive method of review of those criminal judgments and of post-sentencing proceedings occurring during the course of sentences." 15 M.R.S.A. § 2122.

[¶ 7] Adhering to the unambiguous statutory language and to our previous rulings that a post-conviction review action is the proper vehicle for challenging the award of

presentence detention credit, we will no longer address the merits of motions to enforce presentence detention credit brought outside the post-conviction review proceedings authorized by 15 M.R.S.A. §§ 2121–2132. We, therefore, do not reach the merits of Crawford's argument.

The entry is:

Judgment vacated. Case remanded to Superior Court to dismiss Crawford's motion to enforce credit for time served.

---

1. All grounds for relief must be brought in a single post-conviction proceeding. 15 M.R.S.A. § 2128(3).