STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-112

*REC-SAG 4/30/2002*

HENRY SCHMIDT,
                Petitioner,

v.

ORDER ON 80C APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

MAY 5 2003

STATE OF MAINE
                Respondent,

Petitioner appeals from the decision of the Department of Corrections (DOC), specifically Warden Merrill of the Maine State Prison, refusing to apply good-time credits for the time served by the Petitioner from his guilty plea on October 26, 1996 to his sentencing on January 30, 1998.

## FACTUAL BACKGROUND

On October 26, 1996, the Petitioner made an Alford plea of guilty to charges of burglary, theft, and arson. R. 21. Petitioner's motion to withdraw his guilty plea was denied on November 4, 1997 and he was sentenced on January 30, 1998. R. 22. Petitioner was incarcerated from the time of his plea until sentencing. R. 1, 3. On November 6, 1998, Petitioner filed and was denied post-conviction relief on the basis of ineffective assistance of counsel and Petitioner's own lack of competence at his Rule 11 proceeding. Schmidt v. State, CR-98-266 (Me. Super. Ct., Sag. Cty., Dec. 30, 1999)(Humphrey, J.). Petitioner filed a second post-conviction review (PCR) petition based on ineffective assistance of counsel, which was denied on November 27, 2000 because issues raised in prior PCR proceedings are improper grounds for review. Schmidt v. State, CR-00-160 (Me. Super. Ct., Sag. Cty., Nov. 27, 2000)(Studstrup, J.).

Petitioner first requested good-time credit from Warden Merrill in March of 2002. R. 11. On April 2, 2002, Petitioner received a memorandum from Classification Officer Joanna Kinney, on behalf of the Warden, stating that Petitioner was not entitled to good-time credit for his period of incarceration prior to sentencing. R. 1. It is from this decision the Petitioner seeks judicial review.

## DISCUSSION

Petitioner, realizing that the PCR process had been exhausted, sought a determination by the Warden regarding his entitlement to good time so that he could seek review pursuant to M.R. Civ.P. 80C. R. 2 (Memorandum from A. Rourke, Advocate's Office, Maine State Prison to Bob Costigan regarding Schmidt's request). Unfortunately for Petitioner, a "post-conviction review action is the proper vehicle for challenging the award of presentence detention credit[.]" State v. Crawford, 2002 ME 113, ¶ 7, 801 A.2d 2002. "[T]he computation of presentence detention credits must be initiated by a post-conviction action pursuant to 15 M.R.S.A. §§ 2121-2132." State v. Phillipo, 654 A.2d 432, 433 (Me. 1995). As the Superior Court has made clear on two prior occasions, Petitioner has exhausted the PCR process and failed to raise the issue of good-time credit in any of his prior PCR petitions. Any grounds for relief not raised "in a *single* post-conviction review action" are waived. 15 M.R.S.A. § 2128(3) (emphasis added). Furthermore, the period of time during which Petitioner could have raised the issue in a PCR petition expired on January 30, 1999, one year after his sentencing. 15 M.R.S.A. § 2128(6) (stating that the limitation period of one year runs from the imposition of sentence). Because an 80C appeal is an improper vehicle for review of pre-sentence detention credits, the court lacks jurisdiction over the subject matter and the appeal is DISMISSED .

If the matter were properly before the court, then the decision below would be affirmed. The provisions of the criminal code that address calculation of time of incarceration make clear, that good-time credits are only earned for periods of post-sentence incarceration. 17-A M.R.S.A. § 1253(3) (2002) (stating "a person sentenced to imprisonment for more than 6 months is entitled to receive a deduction of 10 days each month . . . . The period from which the deduction is made must be calculated from the first day the person is *delivered* into the custody of the [D]epartment [of Corrections] . . . ." (emphasis added)); 17-A M.R.S.A. § 1258 (requiring the sheriff, after sentencing, to inform the Department of Corrections that a person has been committed to the Department and to "inquire as to the correctional facility to which the sentenced person must be *delivered*" by the sheriff (emphasis added)). Read together, the statutes demonstrate that 1253(3) applies only to post-sentence time served.

The entry is

Petitioner's appeal is DISMISSED.


Dated at Bath , Maine this 30th day of April, 2003.

Robert E. Crowley
Justice, Superior Court

3