STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
YORK, ss.                               DOCKET NO. AP 03-013


GEORGE V. GARNACHE,

                 Plaintiff


        v.                              ORDER


CITY OF BIDDEFORD,

                 Defendant              DONALD L. GARBRECHT
                                        LAW LIBRARY

and
                                        SEP 8 2003
CHRISTOPHER CAMERON and
SARAH BRYANT,

                 Parties-in-Interest


        Before this court is Plaintiff George Garnache's appeal of the City of Biddeford's

Zoning Board of Appeals decision of January 8, 2003, pursuant to M. R. Civ. P. 80B.

                                      **FACTS**

        On August 23, 2000, Plaintiff George Garnache applied to the City of Biddeford's

Planning Board to build Sadie Way, a private road, on property he owned. On

November 6, 2002, the Planning Board considered Plaintiff Garnache's proposal. Mr.

Chris Cameron, an owner of abutting land, was present at this Planning Board meeting

and expressed his objections to the proposal and disputed the boundary line between

the two properties. Ms. Sarah Bryant, another objector and owner of abutting land,

further advised the Planning Board that Plaintiff Garnache's property had problems

regarding occupancy permits and his septic system. Contrary to this information,

however, the Planning Board also heard evidence that the boundary dispute did not infringe upon the placement of Sadie Way. After considering all of the evidence presented, the Planning Board issued its decision finding that the proposed way complied with Biddeford's Street Construction Standards and granting Plaintiff Garnache's application to install Sadie Way on his property. (R. at 7-8).

On December 6, 2002, Mr. Cameron appealed the Planning Board's decision to the Zoning Board of Appeals (ZBA). Mr. Cameron disputed the Planning Board's decision and the location of property lines separating his property from Plaintiff Garnache's property. Ms. Bryant, the other party-in-interest, also appealed the Planning Board's decision, arguing that the placement of Sadie Way encroached on her property and would result in her trees being cut down. On January 8, 2003, the ZBA met to consider the appeals. Mr. Cameron and Ms. Bryant presented the ZBA with evidence that Sadie Way would extend onto each of their pieces of property, and Ms. Bryant continued to contest the location of Plaintiff Garnache's septic system. After reviewing all of the evidence presented, the ZBA concluded that a genuine dispute existed concerning the property lines.

Consequently, on January 14, 2003, the ZBA issued a Notice of Administrative Appeal Decision unanimously granting the abutting landowner's appeals. This Notice also remanded the matter to the Planning Board for re-review once the property line issue was resolved. (R. at 21). On April 7, 2003, Plaintiff Garnache appealed this determination to the York County Superior Court.

## DISCUSSION

This court, acting in an intermediate appellate capacity, will review the ZBA's decision "directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." Priestly v. Town of Hermon, 2003 ME 9, ¶ 6, 814

2

A.2d 995, 997. The Superior Court will affirm the ZBA's decision unless it is unlawful, arbitrary, capricious, or unreasonable. Senders v. Town of Columbia Falls, 647 A.2d 93, 94 (Me. 1994). The board's findings will not be disturbed if supported by substantial evidence contained in the record. Palesky v. Town of Topsham, 614 A.2d 1307, 1309 (Me. 1992). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." Id. With regard to the factual determinations made by the ZBA, the burden is on Plaintiff Garnache to prove that based on the evidence the board should have reached a contrary conclusion. Britton v. Town of York, 673 A.2d 1322, 1325 (Me. 1996).

Plaintiff Garnache contends that the ZBA made an incorrect decision when it found that the disputed property lines caused the proposed roadway plan to violate the standards contained in Biddeford's Ordinance. Based on this, Plaintiff Garnache asserts that the ZBA had no authority to reverse the Planning Board's decision. Rockland Plaza Realty Corporation v. LaVerdiere's Enterprises, Inc., 531 A.2d 1272, 1274 (Me. 1987) (stating that an agency has only those powers explicitly conferred by statute or that arise by necessity in order to allow the agency to carry out its authority). Moreover, Plaintiff Garnache argues that the ZBA misinterpreted the Biddeford Zoning Ordinance Standards[1] relevant to the approval of his proposed private roadway. According to him, because Sadie Way complied with the Ordinance the ZBA should have only granted the appeal based on a legitimate zoning dispute as opposed to an extraneous property boundary dispute.

The record, however, indicates that the ZBA was presented with adequate evidence establishing that Sadie Way or at least its fill shoulders would overlap onto

---

[1] See BIDDEFORD, ME., CODE art. VI, § 51 (1998).

3

Mr. Cameron's property. Plaintiff Garnache, on the other hand, was unsuccessful in proving, to the ZBA satisfaction, that Sadie Way was exclusively on his property. Therefore, Plaintiff Garnache has failed to meet his burden of establishing that the ZBA should have reached a different conclusion. *See* Britton, 673 A.2d at 1325.

WHEREFORE, this court shall **DENY** Plaintiff George Garnache's M. R. Civ. P. 80B appeal.


Dated: September 5, 2003

PLAINTIFF:
Michael O'Toole, Esq.
WOODMAN EDMANDS DANYLIK AND AUSTIN
PO Box 468
Biddeford Me 04005

DEFENDANT: CITY OF BIDDEFORD
Aaron Burns, Esq.
SMITH ELLIOTT SMITH AND GARMEY
PO Box 1179
Saco Me 04072

P.I.I. CHRISTOPHER CAMERON
David Jones, Esq.
JENSEN BAIRD GARDNER AND HENRY
11 Main St Suite 4
Kennebunk Me 04043

P.I.I. SARAH BRYANT
Daniel J. Desmond, Esq.
DESMOND AND RAND
55 Stroudwater St
Westbrook Me 04092

G. Arthur Brennan
Justice, Superior Court

4