STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-028
GAB-YOR - 1/14 2004

NEW HERITAGE BUILDERS, INC.,

    Plaintiff/Appellant

    v.

TOWN OF OLD ORCHARD BEACH, et al.,

    Defendants/Appellees

ORDER

DONALD L. (......
LAW L...

JAN 20 2004

Before this court is Plaintiff, New Heritage Builders Inc.'s appeal of the Town of Old Orchard Beach's Zoning Board of Appeals decision, pursuant to M. R. Civ. P. 80B. Following hearing, the appeal is Denied.

## FACTS

In 1987 and 1988, Colindale Associates submitted a subdivision proposal for a 64-unit condominium development ("Development") to be located off the Smithwheel Road in Old Orchard Beach. On or about May 12, 1988, the Town of Old Orchard Beach Planning Board ("Planning Board") granted Colindale Associates, Inc. final subdivision approval to develop the Property in Phase I of the Colindale Estates Condominiums. On July 13, 1989, the Planning Board approved Phase II. In the Planning Board's decision it specifically stated that "the applicant has agreed to contribute $1,500 per unit toward the construction of a new road per the attached letter dated 7 May 88." (R. at 25.) In addition, the decision stated that "[t]he applicant has agreed to contribute $650 per unit towards construction of a new gravity sewer line along Smithwheel Road per attached letter dated 7 May 88." Id.

Colindale Associates, however, decided not to construct the Development and thus did not pay the road and sewer construction contributions. Instead, on March 28, 2000, Colindale Associates conveyed the premises to Plaintiff. Plaintiff obtained building permits for a total of four buildings and proceeded to construct the Development as approved. Following this, in 2002, Plaintiff sought Certificates of Occupancy from the Code Enforcement Officer ("CEO"). The CEO, however, denied issuance of the Certificates of Occupancy because of issues of code noncompliance. Moreover, in October 2002, the CEO advised Plaintiff that the Certificates of Occupancy would not be issued until it paid the Town the Construction Contributions imposed by the Planning Board in the 1988 decision.

On November 27, 2002, Plaintiff paid the Construction Contributions under protest. Specifically, Plaintiff stated "[t]he enclosed payments are being made under protest and without prejudice to my client's rights to challenge the legal basis for, and legitimacy of, the fees which the Town has alleged are due before you can grant a Certificate of Occupancy and license to Colindale." (Supp. R. at 5.) This letter also requested that the CEO provide Plaintiff with a letter setting forth his reasoning with respect to these charges. Id. Accordingly, the CEO issued the Certificates of Occupancy for the Development on January 23, 2003, and on January 27, 2003 the CEO issued a letter explaining the reason why he had refused to issue the Certificates of Occupancy until the Construction Contributions were paid.

On February 21, 2003, Plaintiff filed an administrative appeal with the Old Orchard Beach Zoning Board of Appeals ("ZBA") challenging the CEO's decision. The ZBA heard and ultimately denied the appeal of the Plaintiff. Thereafter, on May 6, 2003, Plaintiff filed this Rule 80B appeal with the York County Superior Court.

First, Plaintiff argues that the Town of Old Orchard Beach acted *ultra vires* in assessing an illegal impact fee on Plaintiff in the guise of voluntary contribution. Second, Plaintiff asserts that the Town is estopped from collecting the Contribution from it. Next, Plaintiff contends that the ZBA applied incorrect legal standards to Plaintiff's appeal and its review of the actions of the CEO. Specifically, Plaintiff argues that the ZBA applied an incorrect evidentiary standard and erred in determining that the CEO had the authority to reconsider the issuance of the building permits and a certificate of occupancy more than a year after their issuance. Finally, Plaintiff argues that the Town has waived any right to collect special fees from Plaintiff.

Defendants, however, argue that the Plaintiff's Appeal to the ZBA was untimely. In addition, Defendants assert that the record supports the CEO's decision and the ZBA's affirmance of that decision. While arguing that the agreement on Construction Contributions was valid, Defendants also contend that the Planning Board's decision to impose these contributions is Final and not subject to collateral attack in this proceeding. Additionally, Defendants argue that Plaintiff's equitable estoppel claim is not properly before this court. Finally, Defendants assert that the record does not support a claim of waiver.

## DISCUSSION

This court, acting in an intermediate appellate capacity, will review the ZBA's decision "directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." Priestly v. Town of Hermon, 2003 ME 9, ¶ 6, 814 A.2d 995, 997. The Superior Court will affirm the ZBA's decision unless it is unlawful, arbitrary, capricious, or unreasonable. Senders v. Town of Columbia Falls, 647 A.2d 93, 94 (Me. 1994). The board's findings will not be disturbed if supported by substantial evidence contained in the record. Palesky v. Town of Topsham, 614 A.2d 1307, 1309

3

(Me. 1992). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." Id. With regard to the factual determinations made by the ZBA, the burden is on Plaintiff to prove that based on the evidence the board should have reached a contrary conclusion. Britton v. Town of York, 673 A.2d 1322, 1325 (Me. 1996).

### A. Was Plaintiff's Appeal to the ZBA Timely?

Defendants contend that Plaintiff's appeal of the CEO's decision was untimely; Plaintiff argues that the court cannot consider this issue because it was not litigated before the ZBA. The Law Court has held that "[t]he jurisdiction of the Board of Appeals is a question of law that must be ascertained from an interpretation of municipal statutes and local ordinances. We review questions of law de novo." Salisbury v. Town of Bar Harbor, 2002 ME 13, ¶ 8, 788 A.2d 598, 601 (citations omitted).

Maine Law provides that "[t]he issuance or denial of a certificate of occupancy is a decision subject to judicial review." Id. at ¶ 13, 788 at 602. Here, both parties agree that Plaintiff is appealing the decision of the CEO which conditioned the issuance of the Certificate of Occupancy upon payment of the Construction Contributions. There exists a dispute, however, as to when the CEO's decision was actually made. Plaintiff asserts that the decision was made when the written decision of the CEO was issued on January 27, 2003. Conversely, Defendants assert that the decision was made in October 2002, when the CEO made his determination to condition the issuance of the Certificate of Occupancy for the Development on payment of the Construction Contributions.

Section 14.4.1. provides, in part that "[a]dministrative appeals from orders, decisions or determinations of the Code Enforcement Officer shall be filed . . . no later than 30 days after the date of the written order, decision or determination from which the appeal is taken." (Old Orchard Beach Ord. § 14.4.1.) The above language requires

4

that the CEO provide a written order, decision or determination. This is because, the word "written" modifies the other three terms. Hence, the Plaintiff's appeal on February 21, 2003, was timely.

## B. Issues Before the ZBA?

Defendants assert that the only issue before the ZBA, and before this court on appeal, is whether the CEO erred when he refused to issue Certificates of Occupancy to Plaintiff until it paid the required Construction Contributions imposed by the Planning Board in 1988.

First, the Town of Old Orchard Beach's Ordinance provides that the ZBA can "hear and decide appeals where it is alleged there is an error in any order, decision or determination made by the Code Enforcement Officer in writing." (Old Orchard Beach Ord. At § 14.3.1.) Accordingly, Plaintiff cannot seek relief from the Planning Board's 1988 decision through the ZBA. Instead, Plaintiff's appropriate means of relief is to apply to the Planning Board to waive the conditions in question.

Additionally, the Planning Board's decision was rendered in May 1988. The Old Orchard Beach Ordinance provides that "[a]n appeal from any decision of the Planning Board under these regulations may be taken to York County Superior Court under the Maine Rules of Civil Procedure, Rule 80B." (Supp. R. at 3.) Rule 80B provides, in part that an appeal must be "filed within 30 days after notice of any action or refusal to act of which review is sought." M. R. Civ. P. 80B. Here, Colindale, the Plaintiff's predecessor, did not file an appeal, therefore the decision of the Planning Board became final on June 11, 1988.

## C. Is the Town Estopped From Collecting the Contribution?

Plaintiff argues that the Town of Old Orchard Beach should be equitably estopped from requiring payment of the road and sewer cost contributions. This is

because Plaintiff contends that the Town Planner and the CEO made certain conflicting representations which it relied on to its detriment.

First, it is necessary for this court to address whether or not Plaintiff failed to specifically assert the equitable estoppel argument at the ZBA hearing. Plaintiff specifically questioned the ZBA members at the hearing regarding whether or not "the Town in any way [was] bound by the commitment that it made by issuing [] building permits and Certificates of Occupancy in the year 2000." (R. at 48.) Based on this, the Plaintiff at least impliedly raised the estoppel argument before the ZBA.

However, the Defendants argue that equitable estoppel does not apply in this case. The Law Court has held that:

> [p]roper application of the doctrine of equitable estoppel rests on the factual determination that the declaration or acts relied upon must have induced the party seeking to enforce the estoppel to do what resulted to his detriment, and what he would not otherwise have done. One who has induced another to believe what is untrue may not later assert the truth. Furthermore, the reliance upon which estoppel is claimed must have been reasonable.

City of Auburn v. Desgrosseilliers, 578 A.2d 712, 714 (Me. 1990) (quotations and citations omitted).

In the case at bar, Plaintiff purchased property from Colindale Associates with the intent of building the Development. First, the Town CEO told Plaintiff that it would be obligated to pay the Contributions and later the Town Planner informed the Town CEO that Plaintiff was not subject to such Contributions. Plaintiff decided to build the development. Ultimately, however, the CEO determined that Plaintiff was subject to the Construction Contributions. In the face of conflicting advice from Town officials it was unreasonable for the Plaintiff to build without first seeking more formal

6

clarification of this conflicting advice. <u>Shackford & Gooch, Inc. v. Town of Kennebunk</u>, 486 A.2d 102 (Me. 1984).

## D. Did the ZBA use Incorrect Legal Standards?

Plaintiff argues that the ZBA erred in determining that the CEO had the authority to reconsider the issuance of the building permits and a certificate of occupancy more than a year after their issuance. The Law Court has held that "[a]n appeal of a certificate of occupancy may not, however, substitute for an appeal of the underlying permit." <u>Salisbury</u>, 2002 ME 113 at ¶ 14. "If, [] the permittee has meaningfully exceeded the authority contained in the permit, or otherwise violated conditions of the permit, the issuance of the certificate of occupancy may be challenged." <u>Id</u>. In the present case, the Plaintiff has not paid the Construction Contributions as required by the Planning Board's 1988 decision. This was a condition of the permit. Hence, the CEO was able to challenge and reconsider the issuance of the certificate of occupancy more than a year after its issuance.

## E. Waiver?

Finally, Plaintiff asserts that the Defendants have waived any right to collect special fees from it, because its representatives indicated to Plaintiff that the Development was not subject to the Contribution Costs and allowed building permits to issue. A waiver is a relinquishment of a known right. <u>Severance v. Choate</u>, 553 A.2d 1288, 1291 (Me. 1987). Here, the Planning Board imposed the Construction Contributions as conditions of the approval of the Development. Although the Plaintiff argues that the CEO waived this known right when it issued the building permits to it, the CEO did not possess the authority to waive these Planning Board conditions. Instead, it was the right of the Planning Board to waive these conditions.

7

Thus, the entry will be as follows:

Appeal Denied.

The clerk may incorporate this order in the docket by reference.

Dated:        January 14, 2004

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
David R. Ordway, Esq.
SMITH ELLIOTT SMITH AND GARMEY
PO Box 1179
Saco Me   04072


DEFENDANTS:
Christopher Vaniotis, Esq.
BERNSTEIN SHUR SAWYER AND NELSON
PO Box 9729
Portland Me 04112-5029