Carol A. PALESKY

v.

TOWN OF TOPSHAM.

Supreme Judicial Court of Maine.

Argued Sept. 16, 1992.
Decided Oct. 22, 1992.

Roger R. Therriault (orally), Therriault & King, Bath, for plaintiff.

Richard L. Hornbeck, Brunswick, Peter Rice (orally), Yarmouth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The plaintiff, Carol Palesky, appeals from a judgment entered in the Superior Court (Sagadahoc County, *McKinley, A.R.J.*) affirming the decision of the Town of Topsham Personnel Board upholding the termination of her temporary part-time position in the Town assessor's office. Palesky contends that there was insufficient evidence in the record to support the Board's determination. She also contends that the court erred in determining that her claims that the Town had violated 26 M.R.S.A. §§ 831–40 (1988 & Supp.1991) (the Whistleblowers' Protection Act) and 1 M.R.S.A. §§ 401–10 (1989 & Supp.1991) (the Freedom of Access Law) were moot. We affirm the judgment.

After the termination of her employment, Palesky filed a grievance with the Town administrator as provided in the Town personnel ordinance. Following the administrator's response affirming the ter-

mination, Palesky filed an appeal with the Topsham Personnel Board and requested a hearing, which was held on January 31, and February 19, 1991. The following evidence was presented to the Board: Carol Palesky was hired in February of 1989 by the Topsham assessor to work as a temporary part-time employee for the Town's tax revaluation project. There was conflicting evidence as to the completion date of the revaluation project. For some time prior to the termination of her employment on December 7, 1990, Palesky also worked as the afternoon clerk in the assessor's office and performed various tasks at the direction of the assessor. The funding for an afternoon clerk in the assessor's office expired on December 30, 1990. During the period of her employment, she did not receive the fringe benefits received by the permanent employees of the Town.

The Board also heard evidence that in the fall of 1990 Palesky became concerned over practices and procedures in the assessor's office that seemed to her to be either illegal or unethical. On November 27, 1990, she took her concerns to the Town administrator who directed her to discuss them with the assessor, which she did that evening. The following week, she again met with the assessor to discuss her concerns. The next day, Friday, December 7, 1990, the assessor called Palesky to tell her that her services were no longer needed, stating that the project was finished.

The Board met in executive session on March 14. The record does not reflect whether Palesky was present or requested to be present at that meeting. By its decision of March 16, 1991, the Board found, *inter alia*, that Palesky had been hired as a temporary part-time employee for the revaluation project; that her status had not changed; that the work she performed appeared to be project oriented; that the revaluation project was "winding down" and would have been completed at the end of 1990; and affirmed the termination of Palesky's employment. The Board awarded Palesky wages for the interval from her termination on December 7 until December 30 and an amount not exceeding $200 to cover the costs of her appeal to the Board.

On the ground that it was not within its jurisdiction, the Board declined to address Palesky's claim that the Town had violated 26 M.R.S.A. §§ 831–40.

Palesky filed the present complaint in the Superior Court seeking a review of the Board's action pursuant to M.R.Civ.P. 80B and also seeking relief for the Town's alleged violation of the Whistleblowers' Protection Act and the Freedom of Access Law. The issues were submitted to the court on the record developed before the Board. After a hearing, the court affirmed the Board's decision and determined that Palesky's statutory claims were moot because she had already received any remedy to which she would be entitled under the statutes, and Palesky appeals.

### I. Termination

When, as here, the Superior Court bases its decision solely on the record developed at the administrative level, we review the administrative action directly. *Mack v. Municipal Officers of the Town of Cape Elizabeth*, 463 A.2d 717, 719 (Me. 1983). The administrative board's findings will not be disturbed if supported by substantial evidence contained in the record. *Hrouda v. Town of Hollis*, 568 A.2d 824, 826 (Me.1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Id.*

Here, the evidence in the record supports the Board's decision. Because Palesky's further contention that if the termination of her employment was attributable to a lack of work or funds she was entitled under the Town personnel ordinance to a lay-off rather than a termination was not raised before the Board, she has not preserved that issue for review. *Dishon v. Maine State Retirement System*, 569 A.2d 1216, 1217 (Me.1990).

### II. Whistleblowers' Protection Act

The Whistleblowers' Protection Act prohibits an employer from discharging an employee because the employee, while acting in good faith, reports orally or in writ-

ing to the employer that the employee has reasonable cause to believe that a violation of a rule or law has occurred. 26 M.R.S.A. § 833(1)(A). The Act does not distinguish between temporary and permanent employees but applies equally to all employees. 26 M.R.S.A. § 832(1).[1] An alleged violation of the Act may be brought before the Maine Human Rights Commission pursuant to 26 M.R.S.A. § 834–A or directly to the Superior Court. 5 M.R.S.A. § 4621 (1989).

Here Palesky sought reinstatement to her former position and back pay from the date of the termination of her employment. Based on the Board's decision that her position would have terminated on December 30, 1990 and its award of compensation to her for the interim between December 7 and December 30, it was not error for the Superior Court to determine that she had received the full remedy that could be afforded to her and that her claim was moot. The court correctly noted that the additional remedies provided in the statute, including attorney fees and civil penal damages, are only available to a plaintiff who establishes compliance with 5 M.R.S.A. § 4622(1).[2] *See Harris v. International Paper Co.*, 765 F.Supp. 1509, 1525 (D.Me. 1991).

### III. Freedom of Access

▮ Similarly, Palesky seeks reinstatement and back pay for the Town's alleged violation of the Freedom of Access Law. The court found her claim to be moot due to the Board's award of compensation to her through December 30.

The Freedom of Access Law requires that public notice be given for all public meetings including those of "any board ... of any ... municipality." 1 M.R.S.A. §§ 402(2)(C) & 403. The law also provides that deliberations on the dismissal of an individual may be conducted in executive session as long as "any person charged or investigated shall be permitted to be present ... if that person desires." 1 M.R.S.A. § 405(6)(A)(2).

Here, it is undisputed that Palesky was present at the two public hearings on January 19 and February 21. The scheduled meeting of the Board on March 14 was adequately advertised as a meeting of the Topsham Personnel Board at which the Board "may move into executive session to conduct deliberations on a personnel matter." There is no evidence in the record that Palesky requested and was denied access to that meeting, as she contends.[3] Palesky is not entitled to relief, not because her claim is moot but because no violation of the Freedom of Access Law is reflected in the record before us.

The entry is:

Judgment affirmed.

All concurring.

---

1. 26 M.R.S.A. § 832(1) defines an employee as:

   [A] person who performs a service for wages or other remuneration under a contract of hire, written or oral, expressed or implied.... Employee includes a person employed by ... a political subdivision of the state.

2. Section 4622(1) provides that no attorney fees and no civil penalty damages may be awarded to a plaintiff in a civil action under the Act unless the plaintiff alleges and establishes that prior to the filing of the civil action the plaintiff first filed a complaint with the Maine Human Rights Commission and the commission either

dismissed the case or failed, within 90 days after finding reasonable grounds to believe a violation had occurred, to enter into a conciliation agreement to which the plaintiff is a party.

3. Although the Freedom of Access Law entitles a plaintiff to a trial de novo within the framework of an 80B review, Palesky's failure to file a motion pursuant to 80B(d) constitutes a waiver of any right to a trial on the facts. Accordingly, the only record before the trial court and before us is the record developed before the Board. *See Marxsen v. Board of Directors, M.S.A.D. # 5*, 591 A.2d 867, 871 (Me.1991).