1997 ME 200

**Helen JONES**

v.

**TOWN OF WARREN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.
Decided Oct. 7, 1997.

James W. Strong, Thomaston, for plaintiff.

Thomas F. Monaghan, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Helen Jones appeals from the judgment entered in the Superior Court (Knox County, *Atwood, J.*) denying her appeal from her termination as an employee of the Town of Warren. Jones contends that, contrary to the determination by the Board of Selectmen, she was employed as an office clerk in the Town's office at the time her term of office as Town Clerk expired and that the Superior Court erred when it held that the Board of Selectmen's determination was supported by substantial evidence contained in the record. We disagree and affirm the judgment.

[¶ 2] Helen Jones was hired by the Town of Warren in September 1989 as an office

clerk. In March 1993, Avis Luce was elected Town Clerk of the Town of Warren but passed away prior to assuming that position. The Town's Board of Selectmen appointed Jones as Town Clerk on March 18, 1993, for a term of three years. A few months after Jones was appointed Town Clerk, the Town hired Sherry Howard as office clerk. Jones did not, in any way, challenge the employment of a new office clerk. When Jones's term as Town Clerk expired, she was not reappointed. She then sought to continue her employment by the Town as an office clerk, a position she maintained she never surrendered when she assumed the position of Town Clerk. The Town Manager refused to place her in that position, reasoning that she had surrendered that position on becoming Town Clerk. Jones appealed the decision of the Town Manager to the Town's Board of Selectmen and the Board of Selectmen denied her appeal. She then appealed to the Superior Court which found the Board's determination was supported by substantial evidence and thus affirmed the determination.[1]

[¶ 3] When the Superior Court acts in an intermediate appellate capacity in reviewing the action of a town, we directly and independently examine the record as developed before the Board to determine whether the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Sherwood v. Town of Kennebunkport,* 589 A.2d 453, 454–55 (Me.1991). The issue before us is not whether we would reach the same conclusion as the Town, but whether the record contains competent and substantial evidence which supports the result reached by the Town. *See In re Maine Clean Fuels, Inc.,* 310 A.2d 736, 741 (Me. 1973) Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Hrouda v. Town of Hollis,* 568 A.2d 824, 826 (Me.1990). That the evidence supports two inconsistent conclusions does not prevent an administrative agency's finding from being supported by substantial evidence. *Maine Clean Fuels,* 310 A.2d at 741. An administrative board's finding will not be disturbed if supported by substantial evidence. *Palesky v. Town of Topsham,* 614 A.2d 1307, 1309 (Me.1992) (Town's determination regarding terminated employee will not be disturbed by the Court when supported by substantial evidence in the record).

[¶ 4] The Town's determination that Jones held only the position of Town Clerk when her term as Town Clerk expired is supported by substantial evidence. Perhaps the most compelling and dispositive evidence that substantiates the Town's determination is that an office clerk was hired months after Jones accepted the appointment as Town Clerk. Whatever expectations Jones might have held that she continued to occupy the position of office clerk must have ceased at that point.

Judgment affirmed.

---

1. Jones's appeal to the Superior Court was brought, *inter alia,* pursuant to M.R. Civ. P. 80B. In her complaint, she alleges that the Town's Board of Selectmen unlawfully discussed issues regarding her employment in an executive session without her presence. Although this issue was raised in her complaint, it was not argued before the Superior Court. *See Kelly v. Universi-* *ty of Maine,* 623 A.2d 169, 171 (Me.1993) (issue not preserved on appeal when not raised in the Superior Court and when the Superior Court decided the case on an entirely different issue); *Cyr v. Cyr,* 432 A.2d 793, 797 (Me.1981) ("No principal is better settled than that a party who raises an issue for the first time on appeal will be deemed to have waived the issue.").