STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                                         DOCKET NO. AP-03-35
                                                      —YOR - 76

MARK HUDDLESON,

          Plaintiff

          v.                              ORDER

DONALD L. C.........
LAW ............

JUL 12 2004

INHABITANTS OF THE
TOWN OF ELIOT,

          Defendant

Before this court is Plaintiff, Mark Huddelson's appeal from the decision of the

Town of Eliot Board of Appeals, pursuant to M. R. Civ. P. 80B.

## FACTS

Plaintiff, Mark Huddleson is the owner of property located at 99 Bolt Hill Road

Eliot, Maine. Plaintiff's property is located in the Defendant, Town of Eliot's Suburban

Zoning District. Plaintiff has a home and operates a towing business on this property.

Plaintiff has been operating this business on his property since 1992. Plaintiff's business

currently has four towing vehicles and requires that some of the disabled vehicles be

stored on his property. Occasionally, Plaintiff will have to hold a vehicle on the

property, for 90-120 days. As of May 15, 2003, there were a total of 23 vehicles located

on the Plaintiff's property, including tow trucks, personal vehicles, and vehicles that

had been towed on to the site. (See R. at 22.)

On February 11, 2003, the Defendant's Code Enforcement Officer ("CEO") wrote

a letter to Plaintiff, indicating that he was in violation of several of the sections of its

Ordinance. Specifically, Defendant's CEO cited that Plaintiff was in violation of Article

IV § 45-156, operating a business without a conditional use permit, Article IV § 45-290, operating a towing business in the Suburban Zoning District, Article IV § 45-290, operating a parking lot in the Suburban Zone, Article IV § 45-290, operating an auto graveyard in the Suburban Zone, and 30-A M.R.S.A. § 3753 § 3, operating an automobile graveyard and recycling business without a permit. On March 4, 2003, Plaintiff appealed this decision to the Board of Appeals. The Board of Appeals held a hearing on May 15, 2003, and ultimately upheld the Defendant CEO's decision. Accordingly, on June 23, 2003, Plaintiff appealed to the York County Superior Court.

## ARGUMENT

Plaintiff contends that the Board of Appeals incorrectly determined that a vehicle towing business is not allowed in the Suburban Zoning District. Specifically, Plaintiff alleges that he was not required to obtain a conditional use permit in order to operate his business. In addition, Plaintiff alleges that his towing business is permitted in the Suburban Zoning District, because it is an "emergency operation" or, in any event, it is no more objectionable than other uses permitted in the Suburban Zone. Finally, Plaintiff argues that his business is neither a "parking lot" nor an "automobile graveyard." Hence, this court should reverse the decision of the Board of Appeals.

Conversely, Defendant argues that the Board of Appeals decision was correct, because Plaintiff's business is not an "emergency operation," but it is a "parking lot" and an "automobile graveyard." In addition, Defendant asserts that Plaintiff's argument that his use is similar to an allowed Suburban Zone use is premature and should be decided by the Planning Board, not the Board of Appeals. Consequently, Defendant contends that this court should affirm the decision of the Defendant's Board of Appeals.

2

## DISCUSSION

This court, acting in an intermediate appellate capacity, will review the ZBA's decision "directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." Priestly v. Town of Hermon, 2003 ME 9, ¶ 6, 814 A.2d 995, 997. The Superior Court will affirm the ZBA's decision unless it is unlawful, arbitrary, capricious, or unreasonable. Senders v. Town of Columbia Falls, 647 A.2d 93, 94 (Me. 1994). The board's findings will not be disturbed if supported by substantial evidence contained in the record. Palesky v. Town of Topsham, 614 A.2d 1307, 1309 (Me. 1992). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." Id. With regard to the factual determinations made by the Board of Appeals, the burden is on Plaintiff to prove that based on the evidence the board should have reached a contrary conclusion. Britton v. Town of York, 673 A.2d 1322, 1325 (Me. 1996).

Moreover, the Law Court has also held that the interpretation of zoning provisions is a question of law. Mayberry v. Town of Old Orchard Beach, 599 A.2d 1153, 1154 (Me. 1991). In addition, the contested language must be construed reasonably and with regard to both the ordinance's specific object and its general structure. Ray v. Town of Camden, 533 A.2d 912, 914 (Me. 1987). Each undefined term is given its common and generally accepted meaning unless the context of the statute clearly indicates otherwise. George D. Ballard, Builder, Inc. v. City of Westbrook, 502 A.2d 476, 480 (Me. 1988). The Board of Appeal's interpretation of its own ordinance must be reasonable, based on facts in the record, and consistent with the Zoning Ordinance as a whole. See Your Home, Inc. v. City of Portland, 432 A.2d 1250, 1260 (Me. 1981).

First, a vehicle towing business is not defined nor allowed as an authorized use within the Suburban Zone, pursuant to the table provided in §45-290. Specifically, this

3

section provides that "any use not listed is a prohibited use." As a result, Plaintiff argues that his towing business is an "emergency operation," which is permitted in all zones including the Suburban Zone. (See Eliot Zoning Ord. § 45-290.) The Eliot Ordinance defines "emergency operations" as "work made necessary to restore property to a safe condition following a public calamity, or work required to protect persons or property from an imminent exposure to danger or potential danger." (Eliot Zoning Ord. at § 45:8.)

Here, Plaintiff makes use of his property as a towing business. Plaintiff keeps tow trucks on his property, uses them to retrieve damaged and broke-down vehicles, and brings some of the vehicles back to his property where he stores them for various periods of time. Plaintiff argues that because he responds to "emergencies" on the road, his business constitutes "emergency operations." Defendant, however, argues that if the court were to find Plaintiff's towing business constituted an "emergency operation," then it would be allowing a towing business to be operated in all Zoning Districts. (See Eliot Zoning Ord. at § 45:32.) I find this argument persuasive. Hence, based on a totality of the circumstances, I find that Plaintiff's towing business is not an "emergency operation."

Plaintiff further argues that if this court should find that the towing business is not an "emergency operation," then it should find that it is similar to and no more objectionable than other uses permitted in the Suburban Zone. Defendant, however, argues that this court is not in a position to make this determination. Specifically, Defendant asserts that § 45:290 contains a general category of "uses similar to uses requiring a planning board permit," and makes such uses permissible in the Suburban Zoning District upon review by the Planning Board and not the Board of Appeals. Defendant asserts that this question was not properly before the Board of Appeals, and

4

is therefore not properly before this court. <u>See</u> <u>Oyster Shell, Inc. Town of Damariscotta</u>, 2002 ME 23, 789 A.2d 1280 (holding that the Board of Appeals had no jurisdiction over the question of whether a conditional use permit could be issued).

The Law Court has held that

[t]he Board may often have to consider how the provisions of the ordinance apply to uses not expressly or clearly covered by the ordinance; as discussed below, this is its inherent interpretative responsibility, conferred by statute (30 M.R.S.A. ß 4963), which must be exercised even in the absence of a similar use provision such as ß 602.24(B). See Part V, *infra*. But its interpretative rulings must be reasonable; they must be expressly based on facts in the record and on the terms of the ordinance, construed reasonably with regard both to the objects sought to be attained and to the general structure of the ordinance as a whole.

<u>Your Home Inc. v. City of Portland</u>, 432 A.2d 1250, 1259-60 (Me. 1981). Moreover, the Law Court in *Your Home*, held that:

the similar use formula of the old ordinance was not necessary to provide the Board with the basic power of interpreting the ordinance. Even without the similar use provision, the Board had the power and the responsibility to interpret the ordinance in a rational, nondiscriminatory manner. Any use which is similar to and no more objectionable than the uses expressly permitted in a zone, and concerning which there is no explicit provision in the ordinance, may not be arbitrarily and irrationally excluded from that zone, nor excluded on some ground that has no foundation in the ordinance.

<u>Your Home</u>, 432 A.2d at 1260. The Defendant's Ordinance permits other uses in the Suburban Zone including auto repair garages, if the property abuts Route 236, otherwise it is the CEO's decision. In addition, auto service stations are also permitted if the land abuts Route 236, but the planning board must still consider the proposed site. The Defendant's Ordinance, however, does not provide for auto graveyards, junkyards, recycling operations or parking garages or lots in the Suburban Zone. I find that these uses are more similar to the Plaintiff's towing business and conclude that a vehicle towing operation is not permitted in the Suburban Zone.

Next, Plaintiff asserts that his property should not be described as a "parking lot." "Parking lot" is not specifically defined in the Defendant's Ordinance. Consequently, this court should give the term its plain ordinary meaning. A parking lot is defined as "an area used for the parking of motor vehicles." Webster's New Collegiate Dictionary (9th ed., 1981). In the present case, after Plaintiff tows vehicles to his property, he sometimes stores them there, if needed. Thus, the record supports the Board of Appeals decision that the Plaintiff used the property as a "parking lot."

Finally, Plaintiff argues that it was incorrectly found that his property constituted an "automobile graveyard." An "[a]uto graveyard means a yard, field, or other open area used as a place of storage for three or more unregistered or unserviceable, discarded, worn-out, or junked motor vehicles, including all vehicles which cannot pass the state inspection test in their existing condition or are otherwise inoperable." (Eliot Zoning Ord. At § 45:5); see also; 30-A M.R.S.A. § 3752(1). Here, the CEO testified at the Board of Appeals hearing that when he went to the Plaintiff's property he "stopped counting at 15 unregistered vehicles and estimated approximately 30 vehicles on the site at the time." Additionally, Plaintiff admitted that he kept vehicles on his property that could not pass inspection in their existing condition. Consequently, the Board of Appeals had ample evidence to find that the Plaintiff's property constituted an "automobile graveyard."

Thus, the entry will be as follows:

Appeal Denied.

Dated:  July 6, 2004

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
Patrick Bedard, Esq.
PO Box 366
Eliot Me 03903

DEFENDANT:
Christopher Vaniotis, Esq.
BERNSTEIN SHUR SAWYER AND NELSON
PO Box 9729
Portland Me 04112-5029

6