STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-68

DENIS M. FORSTER and
LINDA R. FORSTER,

Plaintiffs

v.                                                    **ORDER**

DONALD L. ~~~~~~~~
~~~~~~~~~

TOWN OF KITTERY and
HEATHER ROSS,                                          JUL 2 2004

Defendants

Before this court is Plaintiffs, Denis M. and Linda R. Forster's (collectively "Forster") Rule 80B appeal of the Town of Kittery's Zoning Board of Appeals' (the "Board") determination to affirm the Code Enforcement Officer, Heather Ross' ("CEO Ross") decision denying Plaintiff Forster's application for a building permit.

**FACTS**

Plaintiff Forster owns waterfront property located at 110 Pepperrell Road in Kittery, Maine (the "property"). The property is located in Defendant, Town of Kittery's ("Town") suburban residence zone, and is also subject to its shoreland zoning regulations. The property is a nonconforming lot with a nonconforming building, which is used as a residence.

On February 19, 2003, Plaintiff Forster submitted a building permit application to CEO Ross. This application sought permission to construct an exterior roofed porch with a set of seven wood stairs leading down to the ground, and an enclosure under the porch to be used as a tool shed. (R. Tab 1.) In addition, this proposal included a plan to

remove a 27.5' by 7' foot slate patio and replace it with the 6.5' by 17' foot porch. Id. Tab 4 at 18. On March 4, 2003, CEO Ross denied Plaintiff Forster's building permit application. Id. Tab 3 at 1. Subsequently, Plaintiff Forster appealed the denial to the Board, in the from of an administrative and miscellaneous appeal.

On April 23, 2003, the Board held a hearing regarding Plaintiff Forster's appeal. At this hearing, Plaintiff Forster presented his testimony coupled with that of his architect. This testimony satisfied the Board that the proposed porch would be no closer to the high water mark than the closet point of the existing residential structure, and thus there were no concerns voiced by the Board in regard to the setback issue. During the hearing, however, CEO Ross, Plaintiff Forster, and the Board did recognize a significant lot coverage issue posed by the proposed porch construction.

More specifically, Plaintiff Forster's lot coverage prior to the request for the building permit was 73 percent, and his building coverage was 22.5 percent. Plaintiff Forster's architect testified that Plaintiff Forster's proposed porch would add an additional 110 square feet of building coverage to the lot thereby increasing building coverage 23.6 percent. Plaintiff Forster's architect also testified that, because of Plaintiff Forster's plan to remove the slate patio, the total amount of surface lot coverage would be reduced by 82 square feet.

On May 27, 2003, after carefully considering this evidence, the Board reconvened and voted unanimously to deny Plaintiff Forster's miscellaneous appeal. Plaintiff Forster did not appeal the Board's decision.

On July 23, 2003, Plaintiff Forster filed a second request for a building permit with CEO Ross for a deck and a set of seven steps to the ground. (R. Tab 7 at 1.) This request was similar to Plaintiff Forster's previous request, but it did not include the columns, overhanging roof, and tool shed below the deck. Id. at 1-2. After reviewing

2

the application, CEO Ross again denied the permit request on the basis that this request was similar to the first permit request and the Ordinance did not allow for the re-application of a similar nature within one year. (R. Tab 22; Town of Kittery Zoning Ordinance § 16.24.050 L.) Consequently, Plaintiff Forster filed an administrative appeal seeking to overturn CEO Ross's determination on the similar nature issue. Coupled with this, Plaintiff Forster filed a separate miscellaneous appeal seeking to require CEO Ross to approve the building of the 6.5' by 17' deck with seven stairs. (R. Tab 12.)

On October 14, 2003, the Board held a hearing in regard to Plaintiff Forster's two appeals. After considering the testimony and evidence presented, the Board unanimously voted to deny Plaintiff Forster's miscellaneous appeal to construct the deck. (R. Tab 20 at 11.) Additionally, the Board unanimously denied Plaintiff Forster's administrative appeal regarding the similar nature issue. On November 25, 2003, Plaintiff Forster timely appealed these denials to the York County Superior Court.

## DISCUSSION

This court, acting in an intermediate appellate capacity, will review the Board's decision "directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." Priestly v. Town of Hermon, 2003 ME 9, ¶ 6, 814 A.2d 995, 997. The Superior Court will affirm the Board's decision unless it is unlawful, arbitrary, capricious, or unreasonable. Senders v. Town of Columbia Falls, 647 A.2d 93, 94 (Me. 1994). The Board's findings will not be disturbed if supported by substantial evidence contained in the record. Palesky v. Town of Topsham, 614 A.2d 1307, 1309 (Me. 1992). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." Id. With regard to the factual determinations made by the Board, the burden is on Plaintiff to prove that based on the

evidence the board should have reached a contrary conclusion. Britton v. Town of York, 673 A.2d 1322, 1325 (Me. 1996).

## A. Administrative Appeal – Similar Nature of Appeal

Defendant Town argues that the Board properly denied Plaintiff Forster's administrative appeal, because it was the second appeal of a similar nature within a one-year period.

In Rule 80B appellate proceedings this Court may not substitute its judgment for that of the Board. Brooks v. Cumberland Farms, 1997 ME 203, ¶ 12, 703 A.2d 844, 848. The Law Court has also held that interpretation of an ordinance is a question of law that the court reviews *de novo*. Isis Dev., LLC v. Town of Wells, 2003 ME 149, ¶ 3, 836 A.2d 1285, 1287 (citations omitted). In construing the language of a zoning ordinance, the court takes into consideration "both the objectives sought to be obtained and the general structure of the ordinance as a whole." Id. (citations and internal quotations omitted).

On July 3, 2003, CEO Ross found that "[w]hereas your application for a building permit is significantly similar to the one submitted and denied on March 4, 2003, and similar to the appeal denied by the Zoning Board of Appeals May 27, 2003, the permit application is denied." (R. Tab 10 at 1.) The Board, however, did not make specific findings and conclusions in its written decision regarding the similar nature of Plaintiff Forster's appeals. In fact, the Chairman of the Board specifically stated in regard to the administrative appeal, that "[t]hen I guess we agree at this point to proceed with an appeal to consider the difference and not go through the analysis." (R. Tab 21 at 5.) Thus, this court finds that the similar nature of Plaintiff Forster's appeals was not the basis for the Board's decision.

## B. Miscellaneous Appeal

### 1. Did the Board Err as a Matter of Law?

Next, Plaintiff Forster argues that the Board erred as a matter of law in failing to properly interpret and apply the lot coverage restriction found in Defendant Town's Zoning Ordinance.

Defendant Town's Ordinance specifically provides, in part that the "[m]aximum building coverage" in the suburban zone can only constitute "20 percent." (R. Tab 22; Town of Kittery's Land Use and Development Code Zoning Ordinance at § 16.12.050 (D)(2).) Building is defined as "any structure having a roof supported by columns or walls and intended for the shelter, housing or enclosure of persons, animals or property. Each portion of a building, separated from other potions by a fire wall, is considered a separate structure." Id. at § 16.08.202. Defendant Town's Ordinance further provides that "[t]he total area of all structures, parking lots, and other nonvegetated surfaces within the shoreland zone shall not exceed twenty (20) percent of the lot, or a portion thereof . . . " Id. at § 16.32.490(N)(2)(f). A "[s]tructure means anything built for support, shelter or enclosure or persons, animals, goods or property of any kind, together with anything constructed or erected with a fixed location on fifty (50) feet on or in the ground . . . The term includes structures temporarily or permanently located, such as decks and satellite dishes." Id. at § 16.08.020.

In the case at bar, the Board found that:

> [b]ecause a deck is defined as a structure, and as 16.32.490 N.2.f states that the total area of all structures shall not exceed 20% of the lot, the Board concluded that the deck would be adding to the structures that are already over 20% and, therefore, the Board could not approve this application.

(R. Tab 20 at 11.) More specifically, Plaintiff Forster's lot is 9,977 square feet with building coverage totaling 2,323 square feet, or 23.3 percent. Plaintiff Forster testified that his lot also contains 7,254 square feet of structures, parking lots, and other nonvegetative coverage, for a total lot coverage in the Shoreland Zone of 73 percent. (R. Tab 2; Tab 18 at 24.) Therefore, Plaintiff Forster's lot already exceeds the 20 percent maximum coverage allowable in the Suburban Residence Zone, and the Shoreland Zone.

In addition, Plaintiff Forster testified, however, that his elimination of an existing slate patio would constitute a reduction in his total nonconforming lot coverage, and is therefore permissible.

Section 16.28.100 provides that:

> [t]he intent of this article is to regulate nonconforming lots, uses and buildings. This title intends that nonconforming vacant lots of record may be developed, maintained or repaired; and nonconforming uses may continue, or be changed to an equal or more appropriate nonconforming use or to a conforming use. When the nonconforming use ceases for any reason for a period of one year or more, the intent of these regulations is not to allow it to be reestablished.

(R. Tab 22; Town of Kittery Land Use and Development Code Zoning Ordinance at 273); see also Person v. Town of Kennebunk, 590 A.2d 535, 537-38 (Me. 1991) (recognizing that proposed renovation of nonconforming house would not be an impermissible extension or expansion of the floor areas, as the proposal would actually reduce the total square footage of the floor area in the house); Rockland Plaza Realty Corp. v. City of Rockland, 2001 ME 81, ¶ 18, 772 A.2d 256, 262 (holding that proposed renovations and expansions of a nonconforming parcel of land actually reduced the nonconformity of the parcel rather than increased it).

Here, the record reflects that Plaintiff Forster's nonconforming lot contains a nonconforming home. The record also reflects that the removal of the slate patio with an impervious surface area of 192.5 square feet, and the replacement of the deck with 110.5 square feet, decreases the nonconforming lot coverage on Plaintiff Forster's property. Therefore, this court finds that the Board erred, because this decrease in the nonconformity of Plaintiff Forster's property complies with the policy provisions contained in Defendant Town's Ordinance, as well as the Law Court's holdings in *Pearson* and *Rockland Plaza Realty Corp.*

Thus, the entry will be as follows:

> Appeal Granted. October 14, 2003 decision of the Kittery Zoning Board of Appeals is vacated. Building permit to issue.

Dated:      July 6, 2004

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
F. Paul Frinsko, Esq.
BERNSTEIN SHUR SAWYER AND NELSON
PO BOX 9729
Portland Me 04104-5029


DEFENDANT:
Duncan McEachern, Esq.
MCEACHERN & THORNHILL
PO Box 360
Kittery Me   03904