STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss                                  Civil Action
                                                  Docket No.  CV-09-196,
                          RECEIVED & FILED        TED —AND— 2/10/2010

ERNEST DONATELLI,                                 FEB 10 2010

          Plaintiff                               ANDROSCOGGIN
                                                  SUPERIOR COURT

          v.                              **ORDER ON MOTION TO DISMISS**

ANNABELLE LEE INC., and
SMITTY'S FILLET HOUSE, INC.

          Defendants

## I. BEFORE THE COURT

This matter comes before the Court on Defendant Smitty's Fillet House, Inc.'s motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) and its amended motion to dismiss for lack of personal jurisdiction.[1]

## II. FACTUAL BACKGROUND

For the purposes of this motion the facts are summarized in a light most favorable to the plaintiff as follows:

In 2007, plaintiff Ernest Donatelli ("Donatelli") was employed as truck driver. He claims that both defendants Annabelle Lee, Inc. ("Annabelle Lee" or collectively "defendants") and Smitty's Fillet House ("Smitty's" or collectively "defendants") were his employers. Both defendants claim that only Annabelle Lee was his employer.

Donatelli states that he was scheduled to work during the week of October 14, 2007. On that Monday Donatelli went to the hospital when he finished his route because he felt sick. Donatelli was released from the hospital on Wednesday October

---

[1] Although the defense relative to lack of personal jurisdiction was asserted later by a motion to amend, the court deals with both issues in this Order.

17, and told his supervisor that he was unable to work for three days per doctor's orders. He was also given a prescription for cough medicine with side effects of dizziness and drowsiness.

Donatelli was scheduled to work the following Sunday, but was told by his supervisor that he did not need to come in because there was adequate coverage. Donatelli claims he confirmed with his supervisor that he did not have to work until Tuesday. Donatelli called in on Monday night to confirm his Tuesday departure time. His supervisor told him that he was needed to drive that night. Donatelli informed him that because he had already taken his medication he was unable to drive because it would violate Department of Transportation regulations and would be unsafe. His supervisor then allegedly fired him for refusing to drive. In January 2008 Donatelli received a copy of his personnel file and a written statement that the reason for his termination was for improper absences.

Donatelli filed a claim with the Maine Human Rights Commission ("Commission") that resulted in the Commission issuing a Failure to Conciliate Letter. Donatelli then filed a two-count complaint against Smitty's and Annabelle Lee claiming: Violation of the WPA (Count I), and Violation of the MHRA (Count II). After service of the complaint, Smitty's filed a Motion to Dismiss. Donatelli contests the motion.

Smitty's claims that it is not a proper defendant because Donatelli only filed a Commission complaint against Annabelle Lee. Smitty's alleges that since it was never named in the Commission complaint Donatelli is barred from claiming any damages other than for back pay and equitable relief, and that his claim for attorney's fees, compensatory, punitive, civil penal, and nominal damages should all be dismissed. Donatelli claims that he did name Smitty's in the complaint through his narrative of supporting facts and events, thus the purpose of the statute was met as all parties had

2

notice and an opportunity to investigate claims. Alternatively, Donatelli argues that even if Smitty's was not a part of the Commission process, Smitty's and Annabelle Lee are an integrated enterprise such that they are essentially one defendant with respect to liability, thus the motion to dismiss should be denied. Additionally, Smitty's asserts that it does not do business in Maine; thus, there is no jurisdiction to bring him into this action.

## III. DISCUSSION

### A. Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as admitted, and they are viewed "in the light most favorable to the plaintiff."[2] *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

Therefore, this court views the facts in a light most favorable to Donatelli in determining whether his claims survive the motion to dismiss.

---

[2] Whereas this is a motion to dismiss and not a motion for summary judgment, the court declines to consider any documents beyond the pleadings. M.R. Civ. P. 12(b) (if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and . . . all parties shall be given reasonable opportunity to present all material made pertinent to such a motion").

## B. Donatelli's Claims Against Smitty's

Smitty's claims that since Donatelli failed to file a complaint against it with the Maine Human Rights Commission the court must dismiss any claim for damages other than for back pay and equitable relief.

The court first notes that "[v]iolations of the Maine Whistleblowers' Protection Act can be brought before the Maine Human Rights Commission . . . or directly to a Superior Court." *Palesky v. Topsham*, 614 A.2d 1307, 1310 (Me. 1992) (citing 26 M.R.S.A. § 834-A; 5 M.R.S.A. § 4621). Although a party's WPA damages may be limited by not first filing a claim with the Commission, failure to do so does not mandate dismissal.[3] *Id.*

Further, the court also finds that, when viewing the complaint in a light most favorable to Donatelli, he has alleged adequate facts that Smitty's is part of an integrated enterprise with Annabelle Lee. If proven, Smitty's could be liable for the damages claimed.

Although the Law Court has declined to decide whether the integrated enterprise theory is adopted in Maine, it has been adopted and/or applied by the Superior Court and a number of other jurisdictions. *See Batchelder v. Realty Res. Hospitality, LLC*, 2007 ME 17, ¶ 8, 914 A.2d 1116, 1120.[4] As such, the court cannot say, as

---

[3] Title 26 M.R.S.A. § 834-A states: "An employee who alleges a [WPA violation] . . . *may* bring a complaint before the Maine Human Rights Commission for action under Title 5, section 4612." (emphasis added); *see also Hoffses v. Gruntal & Co.*, 1989 Me. Super. LEXIS 105 (June 1, 1989) (Noting "that § 834-A is an option available to an employee. Like other civil rights that are subject to Maine Human Rights Commission jurisdiction, the plaintiff may go to the Human Rights Commission and obtain the additional benefits awarded by 5 M.R.S.A. § 4622 or go directly to court and waive the rights to expedited treatment and potential attorney's fees.")

[4] The court also notes that in *Batchelder* the defendant argued that the plaintiff was precluded from recovering compensatory damages from all of the defendants named in the WPA civil action because she failed to name them all in her complaint before the Commission. The Law Court declined to consider this argument because the defendant failed to preserve it by bringing it to the attention of the trial court, but noted that failing to seek a remedy before the Commission did not deprive the court of jurisdiction. *Batchelder*, 2007 ME 17, ¶ 6, n.3, 914 A.2d at 1120-21.

4

a matter of law and when viewing the facts in a light most favorable to Donatelli, that he has failed to adequately plead a claim that Annabelle Lee and Smitty's are an integrated enterprise. Further discovery should provide clarity as to the status of the defendants in relation to each other for liability purposes. Dismissal is, therefore, inappropriate at this time.

## C. Personal Jurisdiction over Smitty's Fillet House, Inc.

Smity's claims that it does not do business in Maine and is not subject to it's jurisdiction. A review of the complaint offers sufficient allegations that it does cnduct business in Maine, even if the evidence later shows that Annabelle Lee and smitty are not integrated businesses.

## IV. DECISION AND ORDER

At this time, it is unnecessary to consider additional evidence about the circumstances surrounding Donatelli's complaint. The court concludes that the plaintiff's complaint adequately alleges a cause of action and shows jurisdiction; therefore, a motion to dismiss is a premature at this stage in the proceedings.

Smitty's Motion to Dismiss and Amended Motion to Dismiss are denied.

The clerk shall incorporate this Order into the docket by reference. M.R.Civ.P. 79(a).

SO ORDERED.

February 10, 2010

Thomas E. Delahanty II
Justice, Maine Superior Court

ERNEST DONATELLI  - PLAINTIFF

Attorney for: ERNEST DONATELLI
REBECCA S WEBBER  - RETAINED 10/20/2009
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190


vs
ANNABELLE LEE INC - DEFENDANT
'
Attorney for: ANNABELLE LEE INC
NICOLE L LORENZATTI  - RETAINED 11/25/2009
SMITH ELLIOTT SMITH & GARMEY
7 CUSTOM HOUSE STREET
PO BOX 442
PORTLAND ME 04112-0442


SMITTY S FILLET HOUSE INC - DEFENDANT
'
Attorney for: SMITTY S FILLET HOUSE INC
NICOLE L LORENZATTI  - RETAINED 11/25/2009
SMITH ELLIOTT SMITH & GARMEY
7 CUSTOM HOUSE STREET
PO BOX 442
PORTLAND ME 04112-0442

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2009-00196


DOCKET RECORD


Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 10/20/2009

## Docket Events:

10/20/2009 FILING DOCUMENT - COMPLAINT FILED ON 10/20/2009

10/20/2009 Party(s):  ERNEST DONATELLI
          ATTORNEY - RETAINED ENTERED ON 10/20/2009
          Plaintiff's Attorney: REBECCA S WEBBER

10/20/2009 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/20/2009

11/18/2009 Party(s):  ANNABELLE LEE INC,SMITTY S FILLET HOUSE INC
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/05/2009
          ANNEBELLE LEE AND SMITTY'S FILLET HOUSE

11/18/2009 Party(s):  ANNABELLE LEE INC,SMITTY S FILLET HOUSE INC
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/17/2009

11/25/2009 Party(s):  SMITTY S FILLET HOUSE INC
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 11/25/2009

11/25/2009 Party(s):  ANNABELLE LEE INC
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 11/25/2009

11/25/2009 Party(s):  ANNABELLE LEE INC,SMITTY S FILLET HOUSE INC

Printed on: 03/02/2010

MOTION - MOTION TO DISMISS FILED ON 11/25/2009
WITH DRAFT ORDER REC'D ON 12/11/09 OPPOSITION FILED AFFIDAVITS AND DRAFT ORDER REC'D ON
12/22/09 REPLY

11/25/2009 ORDER - SCHEDULING ORDER ENTERED ON 11/25/2009
THOMAS E DELAHANTY II, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

11/25/2009 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 07/25/2010

11/25/2009 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/25/2009
THOMAS E DELAHANTY II, JUSTICE

11/25/2009 Party(s): ANNABELLE LEE INC
ATTORNEY - RETAINED ENTERED ON 11/25/2009
Defendant's Attorney: NICOLE L LORENZATTI

Party(s): SMITTY S FILLET HOUSE INC
ATTORNEY - RETAINED ENTERED ON 11/25/2009
Defendant's Attorney: NICOLE L LORENZATTI

11/30/2009 Party(s): SMITTY S FILLET HOUSE INC
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/17/2009
SMITTY'S FILLET HOUSE

11/30/2009 Party(s): SMITTY S FILLET HOUSE INC
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/30/2009

01/05/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 02/04/2010 @ 10:30

01/22/2010 Party(s): ERNEST DONATELLI
OTHER FILING - OTHER DOCUMENT FILED ON 01/22/2010
COURTS COPY OF A DOCUMENT REQUEST.

02/04/2010 Party(s): SMITTY S FILLET HOUSE INC
MOTION - MOTION FOR LEAVE FILED ON 02/04/2010
TO AMEND DEFENDANT SMITTY'S FILLET HOUSE, INC.'S MOTION TO DISMISS DAMAGES CLAIMS TO ADD
VIABLE CONSTITUTIONAL DEFENSE OF LACK OF PERSONAL JURISDICTION
REC'D ON 2/16/2010 JOINT AND CONSENSUAL
WITHDRAWAL OF THE AMENDED MOTION TODISMISS

02/04/2010 HEARING - MOTION TO DISMISS HELD ON 02/04/2010
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: NICOLE L LORENZATTI
Plaintiff's Attorney: REBECCA S WEBBER
TAPE NO 343 INDEX NO'S 4196-5400. MOTION GRANTED AS TO JURISDICTION. MOTION TO DISMISS IS
DENIED.                                                    REC'D ON 2/8/10 PLT'S
OPPOSITION

02/04/2010 Party(s): ANNABELLE LEE INC,SMITTY S FILLET HOUSE INC
MOTION - MOTION TO DISMISS DENIED ON 02/04/2010
THOMAS E DELAHANTY II, JUSTICE

COPIES TO PARTIES/COUNSEL

02/11/2010 Party(s): SMITTY S FILLET HOUSE INC
          MOTION - MOTION FOR LEAVE DENIED ON 02/10/2010
          THOMAS E DELAHANTY II, JUSTICE

                                                          C


02/11/2010 ORDER - COURT ORDER ENTERED ON 02/10/2010
          THOMAS E DELAHANTY II, JUSTICE
          AT THE TIME, IT IS UNNECESSARY TO CONSIDER ADDTIONAL EVIDENCE ABOUT THE CIRCUMSTANCES
          SURROUNDING DONATATELLI'S COMPAINT. THE COURT CONCLUDES THAT THE PLAINTIFF'S COMPLAINT
          ADEQUATELY ALLEGES A CAUSE OF ACTION AND SHOWS JURISDICITION; THEREFORE, A MOTION TO
          DISMISS AND AMENDED MOTION TO DISMISS ARE DENIED.


A TRUE COPY
ATTEST: _____
                    Clerk