

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-14-53

JOHN SEYMORE,

    Petitioner

        v.

MATTHEW DUNLAP,
SECRETARY OF STATE,

    Respondent

ORDER ON 80C APPEAL

STATE OF MAINE
Cumberland _ Clerk's Office

MAR 25 2015

RECEIVED



Petitioner John Seymore appeals a decision of a hearing officer for the Bureau of Motor Vehicles ("BMV") upholding his license suspension for failure to submit to a breathalyzer test under 29-A M.R.S. § 2521. For the following reasons, the decision is affirmed.

## FACTS

The following facts are taken from the testimony and exhibits offered at the administrative hearing on October 21, 2014. On August 15, 2014, Scarborough Police Sergeant Timothy Barker responded to a call from an officer Michael Thurlow, who suspected he had pulled over an impaired driver. (Tab 5, at 6; Tab 6, at 2.)[1] Officer Thurlow stopped Mr. Seymore's car for going through a red light and called for assistance when Mr. Seymore failed to come to a timely stop. (Tab 6, at 5.) Officer Thurlow turned over the scene to Sergeant Barker when he arrived for further investigation. (*Id.*) At that point, Mr. Seymore admitted that he had been drinking. (Tab 6, at 2.) Sergeant Barker then administered three field sobriety tests to Mr. Seymore,

---

1 The court's citations refer to the numbered tabs in the administrative record submitted to the court.

including the Horizontal Gaze Nystagmus ("HGN"), Walk and Turn, and One-Leg Stand tests. (Tab 5, at 6.) Sergeant Barker observed six out of six clues for impairment on the HGN test, six out of eight clues on the Walk and Turn test, and three out of four clues on the One-Leg Stand test. (Tab 6, at 3-4.) Sergeant Barker placed Mr. Seymore under arrest for operating under the influence. (Tab 6, at 4.)

Sergeant Barker transported Mr. Seymore to the Scarborough Police Department. (*Id.*) At the station, Sergeant Barker took Mr. Seymore to the intoxilyzer area. (*Id.*) Sergeant Barker asked Mr. Seymore whether he would submit to a breath test, but Mr. Seymore responded that he had been advised by a lawyer not to take the test. (*Id.*) Mr. Seymore testified that he was advised by a prepaid legal service in the past never to take a breathalyzer test. (Tab 5, at 21.) Sergeant Barker advised Mr. Seymore of the consequences for failing to submit to a breath test under Maine law, and Mr. Seymore signed a form explaining his rights and acknowledging that he did not wish to submit to a test. (Tab 6, at 1.) Mr. Seymore testified that he had no memory of signing the form. (Tab 5, at 16.) The hearing officer denied Mr. Seymore's petition because Mr. Seymore signed the form acknowledging that he understood the consequences of a failure to submit to a breath test. (Tab 5, at 23.)

Under 29-A M.R.S. § 2521, "[i]f there is probable cause to believe a person has operated a motor vehicle while under the influence of intoxicants, that person shall submit to and complete a test to determine an alcohol level and the presence of a drug or drug metabolite by analysis of blood, breath or urine." 29-A M.R.S. § 2521(1) (2014). "The Secretary of State shall immediately suspend the license of a person who fails to submit to and complete a test." Id. § 2521(5). The period of suspension is 275 days for the first refusal. *Id.* § 6. Under this statute, Mr. Seymore's license was suspended for 275

days with the opportunity for Mr. Seymore to get a work-restricted license after 180 days. (Tab 7, at 1.) The hearing officer upheld this suspension.

## DISCUSSION

### Standard of Review

The court reviews decisions of an administrative agency "for errors of law, abuse of discretion, or findings of fact not supported by the record." *Save Our Sebasticook, Inc. v. Bd. of Envtl. Prot.*, 2007 ME 102, ¶ 13, 928 A.2d 736. "That the evidence supports two inconsistent conclusions does not prevent an administrative agency's finding from being supported by substantial evidence." *Jones v. Town of Warren*, 1997 ME 200, ¶ 3, 704 A.2d 1210. The party seeking review of the administrative agency's decision bears the burden of demonstrating that error to the court. *Kelley v. Me. Pub. Employees Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676.

### Probable Cause

Mr. Seymore first argues that Sergeant Barker lacked probable cause to believe he had been operating under the influence. Mr. Thurlow stopped Mr. Seymore because he went through a red light and then failed to come to a timely stop. Mr. Thurlow's report was admitted as evidence at the hearing. (Tab 6, at 5.) After Sergeant Barker arrived at the scene, Mr. Seymore admitted that he had been drinking. (Tab 6, at 2.) Based on these facts, the officers had probable cause to make the stop and administer the field sobriety tests.

### Erroneous Legal Advice

Mr. Seymore next argues that he should not be punished for relying in good faith on erroneous legal advice. Although erroneous advice from the state could constitute a

due process violation, *see State v. Stade*, 683 A.2d 164, 166 (Me. 1996), Mr. Seymore fails to cite any authority excusing an individual for relying on erroneous private legal advice. Mr. Seymore does not argue that Sergeant Barker, or any other state actor gave him inaccurate information. In the absence of any state action, Mr. Seymore's argument fails.

Informed Refusal

Finally, Mr. Seymore contends that he has no memory of signing the form acknowledging that he understood the consequences of refusing to submit to a breath test. Sergeant Barker's report states that Mr. Seymore signed the form and indicated that he understood the consequences of refusing to submit to the intoxilyzer test. The hearing officer's findings on this point will not be disturbed.

## CONCLUSION

Mr. Seymore understood the consequences of failing to submit to a breath test. Although he may have relied on bad legal advice, that does not excuse him from the consequences of his informed decisions.

The entry is:

> The decision of the BMV suspending John Seymore's license is AFFIRMED.

Dated: 3/24/15

_____
Joyce A. Wheeler
Justice, Superior Court

Petitioner-Sarah Churchill Esq
Respondent-Donald Macomber AAG