STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. AP-14-61

KENNETH ROBERTS,

    Petitioner

                                                  ORDER ON 80C APPEAL

    v.



MATTHEW DUNLAP,
SECRETARY OF STATE,

    Respondent

    Petitioner Kenneth Roberts, appeals a decision of a hearing officer for the Bureau

of Motor Vehicles ("BMV") suspending his license for operating under the influence.

For the following reasons, the decision is affirmed.

FACTS

    On July 10, 2014, Officer Jonathan Stearns of the South Portland Police

Department stopped Mr. Roberts for speeding on his motorcycle. (Tab 6, at 3.)[1] Officer

Stearns noticed that Mr. Roberts was uneasy on his feet, that his eyes were bloodshot

and glossy, and that he was slurring his words. (*Id.*) Officer Stearns asked Mr. Roberts if

he had anything to drink and Mr. Roberts answered that he had one or two Coors

Lights and nothing to eat. (*Id.*) Officer Stearns then told Mr. Roberts that he was going

to administer several tests to determine whether he was sober enough to drive. (*Id.*)

Officer Stearns administered the Horizontal Gaze Nystagmus ("HGN"), the walk and

turn, the one leg stand, and alphabet and counting tests. (Tab 6, at 3-4.) He observed

multiple clues for intoxication, and placed Mr. Roberts under arrest. (*Id.*)

---

1 The court's citations refer to the numbered tabs in the administrative record submitted to the
court.

When Mr. Roberts was pulled over, he was chewing tobacco. (Tab, 5, at 8.) After Officer Stearns placed Mr. Roberts in handcuffs, Mr. Roberts attempted to get the tobacco out of his mouth, but he could not remove it all. (Tab 5, at 8.) Once they arrived at the jail, Officer Stearns checked Mr. Roberts' mouth and realized there was still tobacco present. (Tab 5, at 9.) Officer Stearns cuffed Mr. Roberts' hands in front of him and allowed him to use the bathroom to rinse his mouth out. (*Id.*) Mr. Roberts rinsed multiple times and scraped his tongue. (*Id.*) When Mr. Roberts was finished, Officer Stearns checked his mouth with a flashlight to confirm that all of the tobacco was gone. (Tab 5, at 9.)

Next, Officer Stearns commenced the 15-minute observation period, which is required before taking a breath test. (Tab 6, at 4.) Just before Officer Stearns started the timer, Mr. Roberts burped. (Tab 5, at 7-8.) Officer Stearns told Mr. Roberts that he could not burp during the 15-minute period. (*Id.*) After 15 minutes passed without incident, Officer Stearns administered the intoxilyzer test to Mr. Roberts. (*Id.*; Tab 6, at 4.) The results showed that Mr. Roberts had .15 grams of alcohol per 210 liters of breath. (Tab 6, at 4; Tab 7.)

Under 29-A M.R.S. § 2453, the Secretary of State is required to suspend the license of anyone operating a motor vehicle with an alcohol level exceeding 0.08 grams per 210 liters of breath. In July 2014, the BMV mailed Mr. Roberts a notice that his license was suspended and notified him that he had the opportunity for a hearing. (Tab 8.) A hearing was held on November 24, 2014, and the hearing officer upheld the license suspension.

## DISCUSSION

### Standard of Review

The court reviews decisions of an administrative agency "for errors of law, abuse of discretion, or findings of fact not supported by the record." *Save Our Sebasticook, Inc. v. Bd. of Envtl. Prot.*, 2007 ME 102, ¶ 13, 928 A.2d 736. "That the evidence supports two inconsistent conclusions does not prevent an administrative agency's finding from being supported by substantial evidence." *Jones v. Town of Warren*, 1997 ME 200, ¶ 3, 704 A.2d 1210. The party seeking review of the administrative agency's decision bears the burden of demonstrating that error to the court. *Kelley v. Me. Pub. Employees Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676.

### Substantial Evidence

Mr. Roberts argues that there is insufficient evidence to support a finding that the intoxilyzer test was reliable because there might have been some tobacco residue in his mouth. "Evidence as to accuracy and reliability of a test result creates issues of fact properly resolved by the factfinder." *Abrahamson v. Sec'y of State*, 584 A.2d 668, 671 (Me. 1991). The hearing officer recognized that tobacco could affect the results of the intoxilyzer test. (Tab 5, at 21.) He concluded, however, that Officer Stearns took appropriate steps to ensure that Mr. Roberts did not have any tobacco in his mouth prior to administering the intoxilyzer test. (Tab 5, at 22.) The results of the intoxilyzer test, Officer Stearns' reported results of the field sobriety tests, and Officer Stearn's description of Mr. Roberts' condition are sufficient to support the suspension. *Oliver v. Sec'y of State*, 489 A.2d 520, 525 (Me. 1985) (intoxilyzer results and officer's testimony regarding driver's condition, "constitutes ample evidence from which the agency could conclude that [the driver] was operating with an excessive blood alcohol level").

3

## CONCLUSION

The court must defer to the hearing officer's factual determinations supported by substantial evidence. The hearing officer found that Officer Stearns took the necessary steps to ensure that Mr. Roberts no longer had tobacco in his mouth prior to the test. This court will not overturn that finding, which, along with other evidence in the record, supports the license suspension.

The entry is:

> The decision of the BMV suspending Kenneth Robert's license is AFFIRMED.

Dated: 3|24|15

_____
Joyce A. Wheeler
Justice, Superior Court

Petitioner-Roger Brunelle Esq
Respondent-Donald Macomber AAG

4